NORFOLK SHIPBUILDING & DRYDOCK COMPANY, INC.

V.

JOSEPH PIERRE RENE SCOVEL

Record No. 900325

November 9, 1990

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy, and Hassell, JJ., and Poff, Senior Justice

*Charles F. Tucker (R. John Barrett; Jane D. Tucker; Vande-venter, Black, Meredith & Martin*, on briefs), for appellant.
*C. Arthur Rutter, Jr. (John H. Klein; Jesse M. Suit, III; Rutter & Montagna*, on brief), for appellee.

SENIOR JUSTICE POFF delivered the opinion of the Court.

The issue we find dispositive of this appeal is whether the evidence supports a finding of actionable negligence.

The facts relevant to that issue are not in dispute. On February 26, 1988, Joseph Scovel, a seaman employed by Sea Mobility, was working in the bow thruster room of USNS Stalworth, a ship undergoing repairs in the shipyard of Norfolk Shipbuilding & Drydock Company, Inc. (Norshipco). Scovel was engaged in the task of applying acid in preparation for scraping and painting the steel in that room. At the same time, Norshipco employees were loading cases of food onto the main deck above that room. The hatch in the main deck was open. Scovel, crouched in a kneeling posture, was working his way towards the ladder leading to the hatch. He testified that he felt "something hit me on the leg". Scovel said that "it didn't hurt" but that he "jumped up and wrenched and twisted . . . to see what . . . was going on because the hatch . . . was right there."

Ron Billips, a seaman aboard the USNS Stalworth, was standing on the main deck near the open hatch when he heard Scovel "holler". Billips testified that "a couple of seconds" before, he had seen a Norshipco employee throw a candy bar wrapper through the hatch. Scovel testified that while he had not seen anyone throw anything, he had learned what had struck his leg "after it happened" because "[i]t was laying there on the deck." Scovel

described it as "a balled up Snicker's candy bar wrapper." Norshipco's book of safety regulations contained a rule requiring employees to "[p]ut all trash in proper receptacles."

Scovel continued to work for several minutes until pain in his back forced him to climb the ladder and seek assistance. He was hospitalized for eight days, and following his release, he remained under the treatment of an orthopedic surgeon who had prescribed detailed work limitations. At the time of trial, Scovel was still suffering pain in his back and numbness in his left leg which have restricted his ability to acquire and hold a job. Scovel acknowledged that he had undergone a back operation at the age of seventeen, that he had suffered an injury to his back in 1981, and that he had had another operation on his back in 1983.

In his motion for judgment, Scovel alleged that Norshipco's employees "caused an object to hit plaintiff causing him injuries", that his injuries were "a direct result of the negligence of the said defendant, its employees or agents", and that the plaintiff was entitled to damages in the sum of $2,000,000.00. At the close of the plaintiff's case in chief and again at the conclusion of all the evidence, the defendant moved to strike on the ground that the evidence was insufficient to prove actionable negligence.

The trial court overruled both motions and, having refused Norshipco's instruction on foreseeability as an element of actionable negligence, submitted the case to the jury. The jury returned its verdict awarding Scovel $135,000.00 in damages. Reasserting the ground stated in its motions to strike, Norshipco moved to set aside the verdict. The trial court overruled the motion. From a final judgment confirming the jury's verdict, we awarded Norshipco an appeal.

We are of opinion that the trial court erred in overruling Norshipco's motions to strike the plaintiff's evidence. The record indicates that the court was laboring under the mistaken conclusion that foreseeability of probable consequences of negligent conduct is no longer an element of actionable negligence. Apparently, the conclusion was based upon a comparison of two Virginia jury instruction form books when the court noted that "the instruction of negligence does not include foreseeability in the new book and neither do they have any instruction on defining foreseeability as they have in this [older] one."

The trial court overlooked controlling precedents of this Court.[1]

[N]egligence carries with it liability for consequences which, in the light of attendant circumstances, could reasonably have been anticipated by a prudent man, but not for casualties which, though possible, were wholly improbable. One is not charged with foreseeing that which could not be expected to happen.

*Wyatt* v. *Telephone Co.*, 158 Va. 470, 479-80, 163 S.E. 370, 373 (1932). Said differently, "a wrongdoer is not responsible for a consequence which is merely possible, according to occasional experience, but only for a consequence which is probable according to ordinary and usual experience." *Hair* v. *City of Lynchburg*, 165 Va. 78, 84, 181 S.E. 285, 287 (1935) (excerpt of language from 22 R.C.L. 124, quoted with approval in *Wyatt* and in *Hair*).

"If men were held answerable for everything they did which was dangerous in fact, they would be held for all their acts from which harm in fact ensued. Accordingly, in order to impute knowledge of a dangerous thing or place, the danger therefrom must have been such as is recognized by common experience or by the special experience of the actor, or such as might reasonably have been expected by a person of ordinary prudence and of ordinary foresight."

[1] Scovel argues on appeal that Virginia law does not apply because, he says, he was "injured aboard a vessel in navigation on navigable waters" and was, therefore, "a Jones Act seaman entitled to the benefits of the general maritime law." The Jones Act, 46 U.S.C. § 688, extends to seamen the same cause of action afforded railway employees by the Federal Employers' Liability Act (FELA), 45 U.S.C.A. § 51. FELA requires a plaintiff to prove negligence "in whole or in part", *id.*, an evidentiary burden lower than that required by the common law for submission to a jury.

For several reasons, that standard does not apply here. First, we do not consider an argument advanced for the first time on appeal. Rule 5:25. Second, the trial court instructed the jury in the law of this Commonwealth, using in part instructions drafted by Scovel; Scovel did not object to those instructions at trial and those instructions became the law of the case. *Shamblee* v. *Transit Company*, 204 Va. 591, 594-95, 132 S.E.2d 712, 714 (1963). Third, the Jones Act grants a seaman a statutory cause of action against his employer; the Act is irrelevant to a case such as this brought by a seaman against a third-party tortfeasor.

Moreover, even if the "general maritime law" were applicable to this case, Scovel cites no authority which distinguishes that law from the law of Virginia on the issue of foreseeability.

*Railroad Company* v. *Patterson*, 204 Va. 81, 85, 129 S.E.2d 1, 4 (1963) (quoting with approval from 38 Am. Jur., Negligence § 24, pages 669-70).[2]

In order for negligence to be actionable, a defendant "need not have anticipated or foreseen the precise injury sustained, but it is sufficient if an ordinarily careful and prudent person ought, under the same or similar circumstances, to have anticipated that an injury might probably result from the negligent acts." *New Bay Shore Corp.* v. *Lewis*, 193 Va. 400, 409, 69 S.E.2d 320, 326 (1952); *accord VEPCO* v. *Savoy Const. Co.*, 224 Va. 36, 46, 294 S.E.2d 811, 818 (1982); *VEPCO* v. *Winesett*, 225 Va. 459, 468, 303 S.E.2d 868, 874 (1983).

On brief, Scovel characterizes the tort involved as "the act of . . . balling up a candy wrapper into a projectile and throwing it in a heavy machinery work area". For purposes of this opinion, we accept the theory that the failure of Norshipco's employee to deposit the candy wrapper in a proper receptacle as required by published safety regulations was negligent conduct.[3] As we have consistently held, however, a negligent act or omission is actionable only when the actor, in the light of attendant circumstances, *reasonably* should have foreseen the *probability* of injurious consequences. *See Simmons* v. *Baltimore Orioles, Inc.*, 712 F.Supp. 79, 83 (W.D. Va. 1989) (applying Virginia law).

Viewing the evidence of record in the light most favorable to Scovel, we find nothing to support such a finding of actionable negligence in this case. Accordingly, we will reverse the judgment below, dismiss the motion for judgment, and enter final judgment here for Norshipco.

*Reversed and final judgment.*

---

[2] Finding evidence of foreseeability insufficient, we reversed the trial court's judgment for the plaintiff in *Patterson*, we affirmed the trial court's award of summary judgment to the defendant in *Hair*, and we upheld the trial court's ruling setting aside a plaintiff's verdict in *Wyatt*.

[3] But see Restatement (Second) of Torts § 282 (1965) which defines negligence as an act or omission that creates an "unreasonable risk of harm."