# CIRCUIT COURT OF THE CITY OF RICHMOND

Dante DeCapri

v.

USA Waste of Virginia, Inc.,
and USA Waste of
Virginia Landfills, Inc.

January 24, 2001

Case No. LF-2849-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the court again on demurrer. This is after the court sustained a demurrer to the original motion for judgment. The demurrer questions the legal sufficiency of the allegations in the amended motion for judgment for claims of negligence and punitive damages. Defendants have also filed a plea of sovereign immunity.

Having been granted leave to amend, plaintiff has filed an Amended Motion for Judgment which outlines in five counts claims against defendant, a waste disposal company, for personal injury arising from the operation of a dump.

Briefly, plaintiff alleges that he was injured while visiting a dump, which defendant maintains and operates for the City of Richmond. He was injured while off-loading trash-debris from the back of his pickup truck. At that time defendants' front end loader which was in the process of moving debris to the back of a building, hit a basketball which was then propelled hitting plaintiff in the head causing injury. On demurrer, defendants question the adequacy of plaintiff's allegations to state a cause of action in law and, by the plea, assert that defendant, though an independent contractor, is nonetheless immune due

to its involvement in trash collection, a governmental activity on behalf of the City of Richmond.

As noted, the court sustained defendant's demurrer to the original motion for judgment. The amended motion for judgment adds essentially three allegations: (1) the regular occurrence of debris being propelled from under the front end loader; (2) regular operation of the front end loader in proximity to persons who are unloading refuse; and (3) previous intentional placement of objects, including a basketball, in the path of the front-end loader by employees of the defendant with knowledge that the object would be propelled from under the machine at a high rate of speed.

In a suit for negligence, as here, it is incumbent on a plaintiff to allege a duty, breach thereof, causation, and damages. *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125 (2000). Plaintiff alleges that it is foreseeable that certain types of refuse would create a hazard to those using the dump in the vicinity of the front end loader and that the defendants should have exercised reasonable care to avoid causing injury. In addition, plaintiff states that the defendants were particularly aware of the chance that hitting a basketball with the front-end loader could cause the ball to be propelled from under the loader at a high rate of speed.

While a person cannot be liable for a consequence that is merely possible and not probable (*Norfolk Shipbuilding & Drydock Co. v. Scovel*, 240 Va. 472, 475 (1990)), in the case of unanticipated injury, liability is established if a reasonably prudent person ought to have foreseen that some injury would occur. *Blondel v. Hays*, 241 Va. 467, 475 (1991). While the particular injury plaintiff complains of need not be foreseeable, the facts stated in the amended motion suggest that the particular injury was indeed foreseeable. Defendants' argument that the "freak" accident was absolutely unforeseeable and that defendant had no notice of the potential for harm is of no moment now in light of the additional allegations provided in the amended motion for judgment.

The court agrees with defendants' assessment regarding punitive damages. As to negligence, the facts state no more than ordinary negligence despite plaintiff's attempt to color defendants' acts as gross and as having been done with willful and wanton disregard. However, the court is unclear as to whether plaintiff is alleging intentional conduct as well. For this reason the plea of sovereign immunity and punitive damages as to any intentional conduct alleged is taken under advisement. As to negligence claims, the demurrer is overruled.