# Richmond

## C. C. Grimes v. Peoples National Bank of Pulaski, Committee of W. S. Tipton.

November 27, 1950.

Record No. 3713.

Present, Hudgins, C. J., and Gregory, Eggleston, Buchanan and Miller, JJ.

The opinion states the case.

*Drew Martin*, for the plaintiff in error.

*Stuart B. Campbell*, for the defendant in error.

GREGORY, J., delivered the opinion of the court.

This action by notice of motion was brought by C. C. Grimes against Peoples National Bank of Pulaski, Committee of W. S. Tipton, to recover damages for alleged fraud and deceit committed by Tipton. At the conclusion of the plaintiff's evidence counsel for the defendant moved to strike it, and the motion was sustained. Thereupon the jury returned a verdict in favor of the defendant upon which the trial court pronounced judgment.

The only assignment of error is to the action of the court in striking the plaintiff's evidence and in pronouncing judgment upon the verdict.

Grimes was an unlettered farmer, residing in the county of Pulaski. He owned land in both Pulaski and Wythe counties, and a portion of it had been purchased by him from Tipton as a special commissioner of the court. Tipton was and had been for many years a practicing attorney at law, with his offices in Pulaski. He was so engaged at the time of the transaction involved in this action. At one time he had served as Commonwealth's attorney for Pulaski county.

Adjoining the land of Grimes were thirty acres which he mistakenly thought belonged to Tipton. He and Tipton negotiated a sale and purchase of the land for $1,500 cash. Tipton did not own the land at that time and never owned it. He had no color of title to it and no interest whatever in it, but failed to make known that fact to Grimes. The sale was consummated by the delivery of a deed from Tipton to Grimes, conveying the thirty acres, on the 25th

day of August, 1943, in the office of Tipton. At that time Tipton collected $1,500 in cash from Grimes. This fact was recited in the deed and not denied anywhere. The deed was prepared by Tipton and purported to convey the thirty acres, with special warranty of title, in his own right and not in any fiduciary capacity.

Grimes had the deed recorded, and in April, 1947, he considered the sale of some of the timber located on the thirty acres and went upon the land for that purpose. Thereupon he discovered that a quantity of the timber had been cut and removed by one Dalton, whereupon he went to see Dalton and Dalton informed him that he (Dalton) owned the land, and exhibited his deed to it. It is undisputed that Dalton was at that time the actual fee simple owner of the land. Later Grimes employed counsel to examine the title to the thirty acres and was advised that Dalton owned the land and that there was no record that Tipton had ever owned it or any interest in it.

The uncontradicted testimony discloses that at the time of the delivery of the deed and the payment of the money Grimes inquired of Tipton if the deed was good and that Tipton replied, "Absolutely, if it ain't, recourse on me". At that time Tipton is bound to have known that he did not own the land. Grimes also testified that he considered that he was dealing with an honest man and one whom he had known not only as an attorney at law but as Commonwealth's attorney.

Later Tipton was adjudged incompetent and the Peoples National Bank of Pulaski was appointed as his committee. In the notice of motion the facts above recited are in substance alleged. In addition is this allegation: "Your ward, W. S. Tipton, knew or should have known that he did not have the title to this tract of land and that he had no right to convey this land to me. He was a licensed attorney and counsellor at law; whereas I was a layman. By not disclosing to me the defects in his title, and by conveying to me that which was not his to convey, he has acted in a

fraudulent manner as a result of which I have suffered damages in the above amount." A demurrer was filed, but never insisted upon. The record does not disclose that the court acted upon it. A plea of the five year statute was filed but it was not insisted upon. Any way, the suit was brought within five years from the time the plaintiff discovered that Tipton had no title to the land. Code, 1950, sec. 8-14. At the trial of the case counsel for the defendant frankly admitted that Tipton never owned the thirty acres.

We think the court was in error in sustaining the motion to strike the plaintiff's evidence. The substance of the case before us now and before the trial court upon the evidence of the plaintiff is and was that Tipton has $1,500 which does not belong to him and which he collected from Grimes by selling him property that belonged to someone else. In other words, if the plaintiff's evidence is true, Tipton sold Grimes a "gold brick". From this testimony, if true, a more palpable fraud could scarcely be imagined. It certainy imposed a burden upon the defendant to explain or defend, even though the notice of motion may not have been perfect. If the defendant has a defense it has not been disclosed, though an opportunity has been afforded it to do so.

By his silence on the question of ownership and his attitude Tipton impliedly represented to Grimes that he owned the thirty acres. He is bound to have held himself out as the owner, else Grimes would not have parted with his $1,500, and when he conveyed with special warranty this was misleading for he never had owned it.

There is a distinction between this case and the ordinary case where property is conveyed with special warranty. Here there was no ownership whatever or any color of title, and the action is not on the warranty. These facts constitute an implication of fraud that placed upon the defendant the obligation to make an explanation. The deed, the admission that Tipton did not own the property and the other circumstances, constitute sufficient corrobora-

tion of Grimes' testimony under Code, 1950, sec. 8-286. The defendant may or may not have a defense. If it has it should assert it. Certainly the plaintiff, under the peculiar and unusual facts of this case, should not be prevented from presenting his case to the jury by reason of his failure to conform to the technical requirements of procedure.

In order for the defendant to assert any defense that it may have the judgment is reversed and the case remanded to the trial court for a new trial. If there is no valid defense, judgment for the full amount sued for should be entered against the defendant.

*Reversed and remanded.*