## Richmond

GREY C. HUGHES v. RANDALL J. FOLEY.

December 3, 1962.

Record No. 5498.

Present, All the Justices.

*Gorin F. Hatchett* (*Hatchett & Ford*, on brief), for the plaintiff in error.

No brief or argument for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

Randall J. Foley, hereinafter referred to as the plaintiff, filed in the civil justice court for the city of Hampton his notice of motion against Grey C. Hughes, hereinafter referred to as the defendant, to recover the sum of $450 due "by contract." The defendant filed a plea of the statute of limitations, alleging that the plaintiff's claim

"arose in the year 1951, was discovered immediately by him, or by the exercise of due diligence should have been discovered," and therefore is barred.

The civil justice rendered a judgment for the defendant and the plaintiff appealed to the Circuit Court of the city of Hampton. In the latter court the defendant filed grounds of defense denying that he was indebted to the plaintiff in the amount sued for, renewing his plea of the statute of limitations, and asked for a bill of particulars which was filed.

By consent of both parties the case was submitted to the lower court without a jury. The sole issue was whether the plaintiff's claim was barred by the statute of limitations. After hearing the evidence the court held that the claim was not barred and entered judgment in favor of the plaintiff against the defendant for the amount sued for with interest. From a judgment to that effect the defendant has appealed.

On appeal the defendant contends, as he did in the lower court, that the plaintiff's claim is barred by Code, §§ 8-13, 8-14, or 8-24. Section 8-13 provides for a three-year limitation on an action brought upon a "contract express or implied," not in writing. Section 8-14 provides that, "The right to recover money paid under fraud or mistake shall be deemed to accrue, both at law and in equity, at the time such fraud or mistake is discovered, or by the exercise of due diligence ought to have been discovered." Section 8-24 provides for a limitation of five years for personal actions for which no limitation is otherwise prescribed.

The plaintiff testified, as alleged in his bill of particulars, that in July, 1951, he purchased from the defendant a deep-freeze refrigerator for the sum of $450; that on August 1, 1951, he gave the defendant a check for the purchase price drawn on a local bank; that just a week later, that is, on August 8, he "inadvertently" sent the defendant another check for the same amount drawn on the same bank; and that the defendant retained both checks and received the proceeds thereof. Both of these checks, the plaintiff said, were drawn on his personal account.

The plaintiff further testified that in December, 1951, he received from the bank a statement of his account with thirty or forty canceled checks. While he promptly verified the amount of each of these checks against the amount charged in the bank's statement, he did not at that time check the names of the several payees in the checks and

therefore did not observe that he had given the defendant duplicate checks for the purchase price of the refrigerator.

In June or July, 1960, in connection with another matter, the plaintiff examined his cancelled checks to determine the name of each payee and the purpose of the disbursement. At that time he "came across" the two checks which he had given the defendant. Upon this discovery he telephoned the defendant and requested that the amount of one of the checks be returned to him. The defendant, however, ignored this demand and "laughed about it." Whereupon, on September 1, the plaintiff made written demand on the defendant for a refund of the duplicate payment. When this demand was ignored the present suit followed.

The defendant testified that he had no recollection of having sold the plaintiff the refrigerator or having received the duplicate checks from him.

It is clear that the plaintiff's claim is one to recover money paid under a mistake of fact. "A payment mistakenly made as the result of forgetfulness or inadvertence is a mistake of fact and is recoverable 'where the person to whom the payment is made is not entitled thereto and cannot in good conscience retain it.' 40 Am. Jur., Payment, § 197, pp. 849, 850." *Virginia Insurance Rating Bureau* v. *Commonwealth*, 186 Va. 270, 283, 42 S. E. 2d 419, 425. In such a case the right of recovery is based upon the promise to return the money which the law implies, irrespective of any actual promise, and even against the refusal to make it, whenever the circumstances are such that in equity and good conscience the money should be paid back. 14 Mich. Jur., Payment, § 32, p. 347, and cases there cited.

Under Code § 8-14, the right to recover money paid under mistake, as is the case here, is deemed to accrue at the time such mistake is discovered or by the exercise of due diligence ought to have been discovered. The effect of this statute is to give the plaintiff the full benefit of the statutory period after the mistake was or should have been discovered by him.

In the present case, if the plaintiff's cause of action accrued more than three years before the institution of this suit, then clearly his claim, which is based on an implied unwritten promise to pay, was barred by Code, § 8-13. While it appears from the plaintiff's testimony that he did not discover his mistake until nearly nine years thereafter, the critical question is whether, in the exercise of due diligence, he should have discovered such mistake earlier. If so, the suit should

have been instituted within three years of the time he ought to have made the discovery, or else it was barred.

The authorities agree that where a statute, such as Code, § 8-14, declares that a cause of action for the recovery of money paid under fraud or mistake is deemed to have accrued at the time such fraud or mistake is discovered, or by the exercise of due diligence ought to have been discovered, the burden is on the plaintiff to prove that he acted with due diligence and yet did not discover the fraud or mistake until within the statutory period of limitation immediately preceding the commencement of the action. 34 Am. Jur., Limitation of Actions, § 452, pp. 354, 355; Annotation, 118 A. L. R. 1003, and cases there collected. See also, 54 C. J. S., Limitations of Actions, § 386-b, p. 526; *Id.*, § 388, pp. 527, 528.

Here the plaintiff's own testimony fails to show that he acted with due diligence and yet was unable to discover his mistake and bring this action before it was barred. A casual inspection of his canceled checks, which he testified were thirty or forty in number and were returned to him within five months of his transaction with the defendant, would have disclosed the duplicate payment. There is no evidence that at this time his deposit with the bank was so large that he would not readily have detected the erroneous withdrawal of an item of $450. Nor is there any evidence that during this period, or later, his transactions with the bank were involved or complicated. According to his further testimony, this was the only financial transaction which he had had with the defendant.

It thus appears from the plaintiff's testimony that because of his own carelessness in failing to inspect his canceled checks, he overlooked the duplicate payment which he had made to the defendant and failed to discover his mistake which is the basis of the present action. Under such circumstances, the lower court should have sustained the defendant's plea of the statute of limitations.

Accordingly, the judgment complained of is reversed and a final judgment will be here entered sustaining the plea and entering final judgment for the defendant.

*Reversed and final judgment.*