**William M. BURTON and Marian R. Burton, Plaintiffs,**

v.

**Johnnie TERRELL, Defendant.**

**Civ. A. No. 73-C-8-D.**

United States District Court,
W. D. Virginia,
Danville Division.

Nov. 19, 1973.

---

Gary L. Bengston, Danville, Va., for plaintiffs.

Don P. Bagwell, Tuck, Bagwell, Dillard & Mapp, Halifax, Va., for defendant.

### OPINION and JUDGMENT

DALTON, District Judge.

The plaintiffs, citizens of Virginia, brought this suit against defendant, a citizen of North Carolina, to recover two parcels of land located in Halifax County, Virginia.[1] Plaintiffs allege that they were fraudulently induced by the defendant to execute a document which they believed to be a deed of trust, but which subsequently they have discovered to be a deed of bargain and sale, conveying the parcels to the defendant. Plaintiffs request that the deed be declared null and void and that they be awarded the costs of the suit and any such further relief as the court deems proper.

In response to plaintiffs' complaint, defendant has filed a motion for summary judgment and has presented several grounds of defense. Initially, he asserts that the statements in the complaint fail to state a cause of action. Basically, defendant contends that the prayer for relief requests that the deed be declared null and void, and even accepting plaintiffs' factual allegations as true, plaintiffs would be entitled only to have the deed enforced as a mortgage or deed of trust. Consequently, the defendant concludes the facts could not justify the exclusive relief requested. Defendant also attacks the jurisdiction of this court, arguing that the complaint does not establish any facts which indicate that the matter in controversy exceeds the value of $10,000.00, exclusive of interest and costs, necessary for a federal district court to have diversity jurisdiction. Additionally, defendant contends that if plaintiffs have a cause of action based on fraud, it accrued on January 5, 1967, the date the deed in question was executed and delivered, and therefore is barred by the five year statute of limitations provision of § 8–24 of the Virginia Code. Furthermore, defendant maintains that even if the statute of limitations does not bar the action, the equitable defense of laches does. He argues that the plaintiffs acquiesced in the defendant's assuming ownership of the property in question, because for six years plaintiffs did not object to defendant treating the property as his own, receiving the rent, selling the timber, paying the taxes and, in addition, plaintiffs

---

1. The parcels involved are a 51¼ acre tract and a 87 acre tract, both located in the Mt. Carmel Magisterial District of Halifax County, Virginia. The deed conveying the parcels to the defendant is recorded in the Clerk's Office of the Circuit Court of Halifax County, Virginia, in Deed Book 328, at page 491.

negotiated with the defendant for the purchase of the land. The defendant also insists that the plaintiffs have waived any rights they allege in their complaint since they have contracted with defendant to tend the land in question as tenants or sharecroppers of the defendant, and have negotiated to purchase the land in question from defendant, without claiming ownership in themselves and without recognizing any indebtedness or obligation to the defendant, except as sharecroppers or tenants. Defendant, in addition, relies on the equitable defense that "he who seeks equity must do equity." He asserts that plaintiffs seek to have the deed declared null and void without establishing any terms of the alleged equitable deed of trust, nor do they allege that any amount has been paid or is due, and owing under such deed of trust, nor have they tendered any amount to the defendant. Finally, defendant contends that although an instrument that is an absolute deed of bargain and sale on its face may by parol evidence be shown to be a mortgage or deed of trust, the evidence fails to establish such an intention.

 Considering defendants' assertion regarding the jurisdictional amount requirement first, the court opines that it has jurisdiction of the matter in controversy. Federal district courts have original jurisdiction of civil actions involving citizens of different states if the matter in controversy exceeds $10,000 in value. 28 U.S.C. § 1332 (a)(1). The plaintiffs in this litigation, who are husband and wife, seek an adjudication that they retain their common title to the real property in controversy. Where several plaintiffs unite to enforce a single right in which they have a common and undivided interest, the jurisdictional requirement is satisfied if their interests collectively exceed $10,000. Troy Bank v. Whitehead & Co., 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81 (1911); Clay v. Field, 138 U.S. 464, 479, 11 S.Ct. 419, 34 L.Ed. 1044 (1890); Peterson v. Sucro, 93 F.2d 878 (4th Cir. 1938). A diversity action of this nature should be dismissed for failure to comply with the jurisdictional amount requirement only if it appears to a legal certainty that the plaintiffs cannot recover the amount claimed. St. Paul Mercury Indemnity Co. v. Red Cab. Co., 303 U.S. 283, 288–289, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Furthermore, while the allegation of the amount in controversy must appear by distinct averment, it is appropriate for the court to examine the entire record in order to determine that the necessary amount is in controversy. Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817 (1916); United States v. Freight Assoc., 166 U.S. 290, 17 S.Ct. 540, 41 L. Ed. 1007 (1896); Zienamon v. Brown, 418 F.2d 883 (8th Cir. 1969); Leitch v. City of Chicago, 41 F.2d 728 (7th Cir. 1930). The deed in question evidences that the consideration provided by the defendant amounted to $17,999.00. Correspondence between the litigants during the last three months of 1972 and their depositions indicate the parcels in question have a present value of between $30,000 and $40,000. Therefore, it is evident that if plaintiffs prevail there is no certainty their recovery will be less than the jurisdictional amount requirement, and hence, this court may entertain this action.

Although defendant has asserted several defenses to plaintiffs' cause of action the court will limit its discussion to one, for it is dispositive of this litigation. As previously noted, defendant contends that this action is barred by the appropriate statute of limitations, § 8–24 of the Virginia Code, which provides, in part:

Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued.

To the contrary, plaintiff argues that the 15 year limitation contained in § 8–5[2] is applicable, and additionally, that the provision concerning accrual of a right to recovery found in § 8–14 [3] must be considered. § 8–5, however, generally relates to adverse possession and is not applicable to a situation where a vendee has a valid deed of bargain and sale which the vendor contends he was fraudulently induced to execute. Plaintiffs' cause of action is based on fraud and the statute of limitations applicable in Virginia to such actions is § 8–24. *E. g.*, Stevens v. Abbott, Proctor & Paine, 288 F.Supp. 836 (D.C.1968). Furthermore, the five year limitation provision is apropos because a cause of action based on fraud survives the death of a party. Holdford v. Leonard, 355 F.Supp. 261 (W.D.Va.1973); Richmond Redevelopment & Housing Authority v. Laburnum Construction Corp., 195 Va. 827, 80 S.E.2d 574 (1954). The limitation period provided in § 8–24 begins to run from the moment the cause of action accrues, and not from the time it is ascertained that damage has been sustained, and therefore, the five year period began on January 5, 1967, the date the deed was executed and the alleged fraud practiced. 195 Va. 827, 80 S.E.2d 574. Plaintiffs filed this action on February 2, 1973, beyond the five year limitation imposed by § 8–24. Therefore,

unless the statute was tolled, their action is barred. The exception contained in § 8–33, however, does not benefit plaintiffs.[4] In order to toll the running of the statute of limitations the concealment of a cause of action must consist of

> some trick or artifice preventing inquiry, or calculated to hinder a discovery of the cause of action by the use of ordinary diligence, and mere silence is insufficient. . . . The fraud which will relieve the bar of the statute must be of that character which involves moral turpitude and must have the effect of debarring or deterring the plaintiff from his action.

Culpeper Nat. Bank v. Tidewater Improvement Co., 119 Va. 73, 78, 89 S.E. 118, 121 (1916), quoting 2 Wood on Limitations (4th Ed.) p. 1422. The facts of this controversy do not evidence fraudulent concealment. The plaintiffs and defendant had similar educational and occupational backgrounds. Although the plaintiffs assert they believed the deed they executed was a deed of trust, in their depositions they admit neither the defendant nor Mr. Suggs, the attorney who handled the negotiations, ever mentioned anything about a deed of trust. During the negotiations and signing the plaintiffs never stated that they believed they were executing a deed of trust, rather, they merely as-

---

2. § 8–5 provides:
 No person shall make an entry on, or bring an action to recover, any land but within fifteen years next after the time at which the right to make such entry or bring such action shall have first accrued to himself or to some person through whom he claims.

3. § 8–14 provides:
 The right to recover money paid under fraud or mistake shall be deemed to accrue, both at law and equity, at the time such fraud or mistake is discovered, or by the exercise of due diligence ought to have been discovered.

4. As previously noted, plaintiffs contend § 8–14 is applicable to their cause of action. They argue, therefore, that since the plaintiffs stated they did not discover the fraud until 1971 their action is not barred. Ini-

tially, the court holds this provision is not applicable to the present controversy, since it is a specific statutory directive pertaining to actions to recover money. *See, e. g.*, Hughes v. Foley, 203 Va. 904, 128 S.E.2d 261 (1962); Grimes v. People Nat. Bank of Pulaski, 191 Va. 505, 62 S.E.2d 22 (1950); Mears v. Accomac Banking Co., 160 Va. 311, 168 S.E. 740 (1933). Alternatively, the court opines that even if it were applicable it would not avail plaintiffs. To avoid the bar of a statute of limitations pursuant to this provision the "burden is on the plaintiff to prove that he acted with due diligence and yet did not discover the fraud or mistake until within the statutory period of limitation immediately preceding the commencement of the action." 203 Va. at 206, 128 S. E.2d at 263. Under the circumstances of this case the plaintiffs would be unable to carry this burden.

sumed this fact. Mr. Suggs, in his deposition, declares that he read the entire deed to all parties prior to its execution and that the plaintiffs appeared to understand the transaction. Also, he stated that it was his impression that the plaintiffs and the defendant definitely indicated a desire to execute a deed of bargain and sale rather than a deed of trust. Furthermore, the plaintiffs have not established any act by defendant or anyone else, prior or subsequent to execution, which would have prevented the plaintiffs from discovering the true nature of the deed.

For the aforementioned reasons, defendant's motion for summary judgment is granted.

Each party shall bear their own costs.

The clerk is directed to send a certified copy of this opinion and judgment to counsel of record.