## CIRCUIT COURT OF THE CITY OF RICHMOND

John Bolden, Jr. and
Constance Bolden

  v.

Mrs. Homer Duckett

June 11, 1974

Case No. 6041

By JUDGE A. CHRISTIAN COMPTON

The court has decided that the plaintiffs are not entitled to recover of the defendant Mrs. Homer Duckett in this action.

The facts are not in conflict. On May 19, 1959, the plaintiffs executed a bearer second deed of trust note in the amount of $3,700.00 which called for monthly payments of $41.08 to commence on July 1, 1959, and to continue monthly for ten years until paid.

The note was executed in connection with the purchase of a parcel of real property located in this city from the husband of the defendant Duckett. The Ducketts were married at the time; however, the defendant knew nothing then of this particular financial transaction of her husband, except that on the night the transaction took place he told her that the "property" had been sold and that "we would be getting $41.08 for 10 years."

Mr. Duckett was the holder of the note and the plaintiffs made the monthly payments to him according to the provisions of the note. Unaware that the note was paid in full with the payment made on June 1, 1969, the plaintiffs continued to make payments monthly in the aforesaid amount to Mr. Duckett, who accepted them until his death on June 16, 1972. The plaintiffs bring this suit to recover money had and received in an amount representing the sum of the overpayments made.

At the time of the transaction in 1959, Mr. Duckett maintained an individual personal checking account and never kept a separate business account. He had a stroke in December of 1960 and thereafter until his death he maintained a "joint checking account" with his wife. Each had the authority to write checks on the account. Deposited to this joint account were Mr. Duckett's social security checks; his pension checks from his former employer, a folding box company; and the plaintiff's checks for payment of the note in question. During some of this time, the defendant worked at a local ice cream store, where she is now employed, making about $80.00 every two weeks and this income was also deposited to the account. Paid from this account were family living expenses of the Ducketts such as utility bills, food bills, etc.

Mrs. Duckett paid no particular attention to the account nor did she question her husband about it. She was not aware of the status of the plaintiffs' account with her husband. He endorsed and either deposited or cashed the checks until his second stroke in November of 1971. At that time, Mrs. Duckett began endorsing the plaintiffs checks "for deposit only" and deposited them to the joint account.

When the defendant's husband died, there was less than $100 in the joint account. There were insufficient assets in Duckett's estate to pay all of his debts and there was no qualification upon the estate. After the death and as the result of a conversation with Mr. Bolden in February of 1973, Mrs. Duckett discovered the note in question at "the bank." This was the first knowledge the defendant had that the note was overpaid.

The brother of Mrs. Duckett testified that she had a third or fourth grade education; that he helped her in the settlement of her husband's obligations after his death; and, that he owned nothing when he died.

Mrs. Duckett has repaid the plaintiffs $294.50, which represents the sum of payments received by her after her husband's death.

The issue to be decided, of course, is whether under these facts there is liability upon the surviving wife for this debt of her husband.

The plaintiffs rely on several theories in their effort to recover against the wife. They argue that since there was a joint account and the wife wrote checks on it, then "equitable relief" should be given to the plain-

tiffs making her responsible to the Boldens. They seek recovery on agency principles and the theory of unjust enrichment.

It is settled that money paid to another under the influence of a mistake of fact, provided the payment has not caused such a change of position by the payee that it would be unjust to require a refund, may be recovered. 66 Am. Jur. 2d, *Restitution and Implied Contracts*, Section 120, p. 1055. To constitute a mistake of fact, the payment must have been made under a mistaken belief that the money was due the payee when in truth it was neither legally nor morally due. *Ibid.* at p. 1057, ftn. 16. This is such a case of mistake of fact and the husband of the defendant, or his estate, was probably liable to the plaintiffs. *Hughes* v. *Foley*, 203 Va. 904, 906 (1962); *Virginia Insurance Rating Bureau* v. *Commonwealth of Virginia, ex rel. etc.*, 186 Va. 270, 283 (1947); 14 M.J., *Payment*, § 32, p. 346.

Liability upon the husband, however, does not ipso facto impose liability upon the wife. In the first place, as the defendant points out, such liability under these facts is precluded by the Statute of Frauds. Code Section 11-2(4). See also 8 M.J., *Frauds, Statute of*, § 4, p. 765.

Moreover, the evidence only shows that this defendant was a party to a joint checking account with her husband into which were deposited the plaintiffs' funds in an unspecified amount and from which this defendant may have received some direct benefit in an undetermined amount as the result of the payment therefrom of family expenses. The evidence fails to show which of the Boldens' payments were deposited and which were cashed and spent by Duckett. It also fails to show the activity in the account during the period in question so that a determination may be made as to what portion of the plaintiffs' funds, if any, inured to the defendant's benefit. No liability is imposed upon the wife under this evidence. The plaintiffs have not referred the court to any authority which is on point to support their argument nor has any been found. No proof has been offered to show that an agency relationship existed between the Ducketts which would make this defendant liable here. Moreover, the evidence fails to disclose facts justifying any recovery on a theory of unjust enrichment. For a discussion of

this theory, see *Central National Bank* v. *First, etc.*, 171 Va. 289, 311 (1938), and cases cited therein.

Furthermore, the cases dealing with the Virginia law on joint bank accounts are of no real assistance because they consider such an account as it relates to the disposition of funds remaining therein upon the death of one depositor and not the alleged liability of one depositor for the debts of the other. See 3 M.J. *Banks and Banking*, § 66, 1973 Cum. Supp. p. 13, and cases collected therein; and, Code § 6.1-73. Cases dealing with attachment and execution upon a joint account by a judgment creditor of one depositor are of no value because, of course, such a proceeding presupposes a valid judgment based upon the established liability of one depositor. See 30 Am. Jur. 2d, *Executions*, § 800, p. 891, and Anno. 11 A.L.R.3d 1465 at p. 1479.

In summary, the court can perceive of no theory upon which any liability of Mrs. Duckett can be predicated under the facts of this case and judgment will be entered in her favor.

During the deposition taken on September 17, 1973, counsel indicated a desire to accomplish by agreement a release of the second deed of trust and a cancellation of the note filed herein. If you can agree upon an appropriate method to accomplish this as a part of this proceeding, please let me know, and, if approved, I will then incorporate such agreement in the final order to be drafted by the court. Also, the order should dispose of the action against the defendant Trustee who has filed a demurrer herein and I would like counsel's views on this subject.