## CIRCUIT COURT OF THE CITY OF WINCHESTER

Richard A. Cromer et al.

v.

Molden Real Estate Corp.

September 26, 1991

Case No. 84-L-100

By JUDGE JOHN E. WETSEL, JR.

This case is before the Court for ruling on a plea of the statute of limitations filed by the defendant. Upon consideration of the memoranda of law filed by the parties, the Court denies the plea of the statute of limitations and makes the following [findings and rulings].

### I. *Findings of Fact*

On July 1, 1965, the Cromers entered into a contract of sale to purchase certain real estate in Frederick County, Virginia, from Molden. Paragraph 2(a) of the contract provided that interest on the outstanding balance would be payable at the rate of 6% per annum until the full purchase price was paid.

On December 1, 1968, Molden sent the Cromers a letter proposing, in contravention to the clear terms of the July 1, 1968, contract, that "as of January 1, 1969, we will have to raise our interest rate to 7½% per year." The letter proceeded to advise the Cromers that they could either continue making their monthly payments of $120.00 per month for an extended period of time or they could begin paying $125.00 per month. In response to the letter, the Cromers chose to have their payments remain the same

and extend the time during which payments would be made on their contract with Molden.

The Cromers continued to make $120.00 payments through June 1, 1984. However, it is alleged that under the terms of the original contract, the last monthly payment was due on March 1, 1982. Accordingly, the Cromers allege that they paid an additional twenty-seven monthly payments totalling $3,347.73 and that they are entitled to have this money refunded to them.

The motion for judgment alleges that the additional payments, which the Cromers paid after March 1, 1982, were either procured as a result of a mutual mistake by the parties or by an intentional, fraudulent act on the part of the defendant.

On September 24, 1984, the plaintiffs filed their motion for judgment against the defendants which was within two and a half years of April 1, 1982, the date on which it is alleged that the Cromers began making the additional monthly payments by mistake (paragraph 3, Motion for Judgment).

## II. *Conclusions of Law*

From the express language of the motion for judgment, it would appear that the motion for judgment is primarily an action to recover monies paid by mistake. However, in their memorandum of authorities, the plaintiffs argue that they are also pursuing a fraud action, and the motion for judgment does contain a prayer for punitive damages. Viewing the facts expressly alleged an "facts fairly and justly inferred from the facts alleged," *Duggan v. Adams*, 234 Va. 221, 223, 360 S.E.2d 832 (1987), it would appear that the averments could support a fraud action in that the request by Molden to raise the interest rate was either done by mistake or it was done intentionally.

Ordinarily, "the applicability of the statute of limitations is determined by the object of the litigation, not the form in which it is filed." *Board of Supervisors of Fairfax v. Thompson Associates*, 240 Va. 133, 139 (1990), quoting *Friedman v. Peoples Service Drug Stores*, 208 Va. 700, 160 S.E.2d 563 (1968). However, the facts of this case indicate that this rule does not have universal applicability. The statute of limitations to recover money

paid under mistake is three years. *Hughes v. Foley*, 203 Va. 904, 128 S.E.2d 261 (1962) (interpreting the predecessor of Va. Code § 8.01-246); whereas, the statute of limitations for a fraud action at the time at which this cause of action arose was one year. *STP Marketing Corp. v. Zolfaghari*, 240 Va. 140 (1990); *Pigott v. Moran*, 231 Va. 76, 341 S.E.2d 179 (1986). The pure application of the doctrine of *Friedman v. Peoples Service Drug Stores, supra*, indicates that the form of the action would not affect the applicability of the statute of limitations, but this would appear not to be the case where the facts would support both a cause of action based both on mistake and fraud. However, the astute practitioner confronted with a statute of limitations problem would be well advised to proceed on a mistake theory with its lower burden of proof and longer statute of limitations.

Whether the motion for judgment is based on fraud or mutual mistake, the cause of action would accrue when the fraud or mistake is discovered "or by the exercise of due diligence reasonably should have been discovered." *STP Marketing Corp. v. Zolfaghari, supra,* at 144 (fraud) and *Hughes v. Foley, supra,* at 906 (mistake). *See also* Annotation, *When the Statute of Limitations begins to Run against Actions to Recover Money Paid by Mistake,* 79 A.L.R. 3d 754 (1977).

In the instant case, the amount of the monthly payment due under the installment sales contract was not changed but rather the term during which the payments were to be made was extended, so that the first payment wrongfully paid to the defendants was not until April 1, 1982. The motion for judgment was filed on September 27, 1984, which is well within the three-year period prescribed by Va. Code Ann. § 8.01-246(4), which is a statute of limitations and not a statute of repose. Therefore, compensatory damages based upon mistake could be recovered from the defendants upon proper proof of the amount being overpaid.

Generally, the earliest time at which the statute of limitations begins to run is from the time that the plaintiff sustains damage. *See,* 51 Am. Jur. 2d, *Limitations of Actions,* § 109. "[I]f the obligation to pay a debt is contingent on . . . the lapse of a specified period of time . . . the statute [of limitations] cannot begin to run until that time." *Whitehurst v. Duffy,* 181 Va. 637,

643, 26 S.E.2d 101 (1943). In this case, if there were a fraud, it would not have become actionable until the Cromers sustained damage from the fraud. "The elements of fraud are familiar: a showing by clear and convincing evidence that a false representation of a material fact was intentionally made with the intent to mislead. The injured party *must have been damaged as a result of his reliance on the misrepresentation* which may take the form of silence or the failure to speak." *Nationwide Mutual Insurance Co. v. Hargraves*, 242 Va. 88, 92 (1991) (emphasis added). The time of discovery as opposed to the time of injury as being the date at which a fraud action accrues for statute of limitations purposes is designed to militate against the harshness of a rule that would preclude an injured party from suing when the very representations which resulted in his injury have lulled him into a false sense of reality and impeded his discovery of the truth. The concept of a past wrong giving rise to an action upon the occurrence of a future injury is regularly applied in product liability cases. To accept the defendant's argument would be to hold that the fraud action would have to have been brought before the Cromers had ever sustained damage from the allegedly fraudulent act. Damages are a *sine que non* for a viable fraud action. The only thing unusual about this case is the long lapse between the acts of alleged fraud and the consequent injury.

If the plaintiff elects to proceed with a fraud action and seek punitive damages, it would appear that two and one-half years from the date of injury would not be an unreasonable time within which, by the exercise of due diligence, to have discovered the original fraud. As noted by the Supreme Court in *STP Marketing v. Zolfaghari*, 240 Va. 140, 144.

> The language "by the exercise of due diligence reasonably should have been discovered," as used in Code § 8.01-249, means "[s]uch a measure of prudence, activity or assiduity, as is properly expected from and ordinarily exercised by, a reasonable and prudent man under the particular circumstances; not measured by any absolute standard but depending on the relative facts of this special case." *Black's Law Dictionary*,

478

11 (Rev. 5th Ed. 1979). Cf. *Dennis v. Jones*, 240 Va. 12, 19, 393 S.E.2d 390, 393 (1990).

In *Mears v. Accomack Banking Co.*, 160 Va. 311, 268 S.E. 740 (1933), the Supreme Court held that the purchaser's claim was not barred by the statute of limitations because of his lack of due diligence to discover seller's fraud where the seller of the bonds had regularly paid interest to the purchaser for almost six years, and the purchaser had no reason to suspect that the bonds were worthless. In the instant case, having formed an erroneous belief in 1968 based upon the wrongful representations of the defendant, the plaintiff thereafter continued in a reasonable course of action in paying installments due under the real estate sales contract, and it was not until the last payment was made and a deed called for that they scrutinized the transaction and discovered that they had overpaid on their contract. Having made that discovery, the Cromers promptly filed their motion for judgment.

For the foregoing reasons, the plea of the statute of limitation is denied.