Present:    All the Justices

GWENDOLYN L. JORDAN

                            OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.   Record No. 971316              April 17, 1998

SAMUEL SHANDS, ET AL.

              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Theodore J. Markow, Judge

                                    I.

        Gwendolyn L. Jordan filed her amended motion for judgment

against Samuel Shands, Jerry Oliver, D.L. Wright, Cecil

Richardson, C.V. Townsend, John Doe, and Mary Doe.  The

plaintiff alleged the following facts.

        On June 21, 1995, the plaintiff was involved in an

automobile accident in Richmond.  Wright, a City of Richmond

police officer, investigated the accident.  The plaintiff

sustained injuries during the accident, and she was

transported by an ambulance to a hospital.

        After the plaintiff arrived at the hospital, a nurse

informed a physician, in the plaintiff's presence, that the

plaintiff "was wanted and would be picked up by the Richmond

Police Department."  Subsequently, Richardson, a police

officer employed by the City of Richmond, arrived at the

hospital and arrested the plaintiff "on information about an

outstanding capias" issued by the Dinwiddie County Juvenile

and Domestic Relations Court.  The plaintiff asked Richardson

why the capias had been issued, and he responded that "he wasn't sure." The plaintiff informed Richardson that "he was making a mistake." The plaintiff was escorted from the hospital and taken to a police station in a "paddy wagon." Subsequently, she was transported to the Richmond City Jail.

When Richardson attempted to place the plaintiff in the custody of the jail, the jail personnel refused to accept custody because Richardson did not have a warrant. "Richardson produced a paper described as a 'hit' and the jail personnel contacted the Dinwiddie Sheriff's office and asked that [it submit a facsimile of] the warrant to [the Richmond City Jail]."

When the Richmond police received the warrant, it contained "information from Jordan's driver's license inserted in a warrant issued for Gwendolyn M. Jordan, [and identified her address as] 231-B S. Jefferson Street, Petersburg, Virginia 23803." The plaintiff's address is Route 1, Box 128-C, Blackstone, Virginia 23824. According to the plaintiff's allegations, a "simple examination of her driver's license should have alerted Richardson to the fact that he had arrested the wrong person . . . ." The plaintiff was "searched, fingerprinted and her personal belongings were taken." After being detained for about four hours, the plaintiff was finally released in the custody of her aunt.

2

Upon her release from jail, the plaintiff was told to report to the Dinwiddie County Juvenile and Domestic Relations Court on July 11, 1995. She later received a letter commanding her appearance on that date. When she appeared in the Dinwiddie County Juvenile and Domestic Relations Court, the plaintiff was informed that Gwendolyn M. Jordan did not have a social security number and that the Richmond police personnel had placed the plaintiff's social security number on the warrant. The Juvenile and Domestic Relations Court judge apologized to the plaintiff and dismissed the charges against her.

The plaintiff filed her motion for judgment on June 27, 1996. She alleged, among other things, that Townsend placed the incorrect information on the warrant issued for her arrest and that he was acting within the course and scope of his employment with Shands, Sheriff of Dinwiddie County. She also alleged that Wright and Richardson were acting within the course and scope of their employment with Jerry Oliver, Chief of the Richmond Police.

The plaintiff further alleged that Richardson falsely imprisoned her "without any sufficient legal excuse" and that he made defamatory statements about her. She alleged that Townsend intentionally inflicted emotional distress upon her by entering her personal and confidential data on a warrant

3

that he knew, or should have known, was intended for another person.  She alleged that Wright intentionally inflicted emotional distress upon her by transferring her personal and confidential data from her driver's license to Townsend, when Wright knew or should have known that the plaintiff was not Gwendolyn M. Jordan and that this information would be affixed to a warrant that would be the basis of a false arrest and imprisonment.

The defendants filed responsive pleadings, including special pleas of the statute of limitations and demurrers. The defendants asserted in their special pleas that the plaintiff's causes of action for false imprisonment and defamation were barred by Code § 8.01-248 which, at the time the plaintiff's cause of action accrued, contained a one-year statute of limitations.[1]  The defendants also filed a demurrer asserting, among other things, that the plaintiff failed to sufficiently plead a cause of action for intentional infliction of emotional distress and that the defendants are entitled to qualified immunity.

The trial court considered memoranda and argument of counsel and entered an order dismissing plaintiff's alleged

---

[1] Code § 8.01-248 was amended, effective July 1, 1995, and it now provides a two-year statute of limitations for all personal actions accruing on or after that date, for which no other limitation period is prescribed.

4

causes of action for false imprisonment, intentional infliction of emotional distress, and defamation because those claims were barred by the one-year statute of limitations in Code § 8.01-248.  The court also stated in its judgment order that even though the plaintiff failed to state a cause of action against Chief Oliver or Sheriff Shands, the court would not rule on this issue since its rulings on the statute of limitations were dispositive of this proceeding.

The plaintiff appeals the judgment, and Chief Oliver and Richardson assign cross-error to the trial court's failure to sustain their demurrers.  The plaintiff does not, however, assign error to the trial court's judgment dismissing John Doe and Mary Doe.

II.

A.

Code § 8.01-243(A) states in relevant part:

> "Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues."

Code § 8.01-248, in effect when the plaintiff's cause of action arose, stated:  "[e]very personal action, for which no limitation is otherwise prescribed, shall be brought within one year after the right to bring such action has accrued."

5

Plaintiff argues that her cause of action for false imprisonment which is asserted against Richardson is an action for personal injuries and, thus, this claim is governed by the two-year statute of limitations. Richardson asserts that the plaintiff's claim is a "personal action" for which no limitation was prescribed and, thus, is governed by the one-year statute of limitations.

We agree with the plaintiff. We have defined false imprisonment as "the direct restraint by one person of the physical liberty of another without adequate legal justification." W.T. Grant Co. v. Owens, 149 Va. 906, 921, 141 S.E. 860, 865 (1928). We have also observed that "[f]alse imprisonment is a wrong akin to the wrongs of assault and battery, and consists in imposing by force or threats an unlawful restraint upon a man's freedom of locomotion." Id. (quoting Gillingham v. Ohio River Ry. Co., 14 S.E. 243, 245 (W.Va. 1891)).

We are of opinion that the deprivation of an individual's freedom by physical restraint or the threat of such restraint is a tort committed against an individual's body because that individual's body is actually confined to an area and deprived of physical liberty. Accordingly, we hold that an action for false imprisonment is an action for personal injuries and,

thus, subject to the two-year statute of limitations in Code § 8.01-243(A).

### B.

Plaintiff concedes that her cause of action alleging defamation is governed by a one-year limitation period, but argues that the period did not commence to run on June 21, 1995, the date she was arrested.[2]  The plaintiff says that Richardson based his arrest on a confirmation response which he obtained from Townsend.  This document, which allegedly contained false statements that the plaintiff was wanted in Dinwiddie County for failure to appear on a non-support charge, provided the basis for plaintiff's defamation count.  The plaintiff contends that the one-year statute of limitations does not bar her defamation action because she filed her motion for judgment within one year from July 11, 1995, the date the Juvenile and Domestic Relations Court dismissed the charges.

We disagree with the plaintiff's contentions.  Any cause of action that the plaintiff may have had for defamation

---

[2] Effective July 1, 1995, a cause of action for defamation has been governed by a one-year period of limitation prescribed by Code § 8.01-247.1.  Before that date, an action for defamation was not addressed by a specific limitation provision in the Code, and hence was governed by the catch-all provisions of § 8.01-248 which, as noted previously, prescribed a one-year period for causes of action arising before July 1, 1995.

7

against any of the defendants accrued on June 21, 1995, which is the date she alleges in her motion for judgment that the defamatory acts occurred.  We have held that when an injury is sustained in consequence of the wrongful or negligent act of another and the law affords a remedy, the statute of limitations immediately attaches.  Westminster Investing Corp. v. Lamps Unlimited, 237 Va. 543, 546, 379 S.E.2d 316, 317-18 (1989); Caudill v. Wise Rambler, 210 Va. 11, 14-15, 168 S.E.2d 257, 260 (1969).  According to the plaintiff's pleadings, the alleged acts of defamation occurred on June 21, 1995, and she purportedly sustained damages on that date.  Thus, her cause of action accrued on June 21, 1995, and she was required to file her motion for judgment within one year of that date. She failed to do so and, thus, her claim is barred.

C.

The plaintiff argues that the trial court erred by holding that her claims for intentional infliction of emotional distress were barred by the statute of limitations. Responding, Chief Oliver and Richardson state that we need not consider this contention because, as these defendants assert in their assignment of cross-error, the plaintiff failed to allege sufficient facts in her amended motion to support a cause of action for emotional distress.

In _Womack_ v. _Eldridge_, 215 Va. 338, 342, 210 S.E.2d 145, 148 (1974), we stated that

> "a cause of action will lie for emotional distress, unaccompanied by physical injury, provided four elements are shown:  One, the wrongdoer's conduct was intentional or reckless.  This element is satisfied where the wrongdoer had the specific purpose of inflicting emotional distress or where he intended his specific conduct and knew or should have known that emotional distress would likely result.  Two, the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality.  This requirement is aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and mere hurt feelings are involved.  Three, there was a causal connection between the wrongdoer's conduct and the emotional distress.  Four, the emotional distress was severe."

In _Ely_ v. _Whitlock_, 238 Va. 670, 677, 385 S.E.2d 893, 897 (1989), we held that a plaintiff must allege all facts necessary to establish a cause of action for intentional infliction of emotional distress.

We hold that the plaintiff failed to plead a cause of action for intentional infliction of emotional distress with the requisite degree of specificity against any of the defendants.  Rather, the plaintiff's allegations are merely conclusional.

### D.

Richardson assigns as cross-error the trial court's failure to sustain his demurrer which asserted that the plaintiff's allegations in her amended motion established as a

9

matter of law that he acted in good faith when he arrested her and that his actions are protected by a qualified immunity. We disagree with Richardson's contentions.

A defendant who asserts the qualified immunity defense, not the plaintiff, must allege and prove the elements comprising this defense. See DeChene v. Smallwood, 226 Va. 475, 479, 311 S.E.2d 749, 751 (1984). Richardson may not, by use of a demurrer, shift his pleading and proof burdens to the plaintiff.

### III.

In summary, the plaintiff's cause for false imprisonment is governed by the two-year statute of limitations. The plaintiff failed to plead a cause of action for intentional infliction of emotional distress against any of the defendants. The plaintiff's purported cause of action for defamation is barred by the statute of limitations.

Accordingly, we will reverse the trial court's judgment in favor of Richardson and will remand this proceeding to permit the plaintiff to pursue her cause of action for false imprisonment against him, and we will affirm the trial court's judgment in favor of the remaining defendants.

Affirmed in part,
reversed in part,
and remanded.

10