## CIRCUIT COURT OF ORANGE COUNTY

Shane E. Nelson

v.

Town of Gordonsville
and John Hubert Allen

February 18, 2005

Case No. (Law) CL03-000015

BY JUDGE DANIEL R. BOUTON

I set forth below the court's ruling on the pleas in bar filed by the defendants in connection with the above referenced case.

### Procedural History

This case arises from a motion for judgment filed on February 13, 2003. The parties agree that the statements upon which the defamation claim is based are contained in a letter from the Gordonsville Town Manager, John Allen, dated January 8, 2002. They also agree that the letter was first published to the Virginia State Police after January 8, 2002, but on or before February 8, 2002. There is also no dispute that the plaintiff's application for employment was rejected by Colonel Martin of the Virginia State Police on February 26, 2002. Finally, with regard to the statute of limitations, the plaintiff concedes that he is not entitled to rely on the doctrine of republication in order to establish that the cause of action before the court was filed on a timely basis.

The issue that remains in dispute is whether the cause of action is barred by the one year limitation period that applies to defamation cases. The defendants argue that the cause of action accrued on or before February 8, 2002, the latest date by which the alleged defamatory statements were first published. On the other hand, the plaintiff asserts that the cause of action did

not accrue until February 26, 2002, the date on which the plaintiff's application for employment was actually rejected by the Virginia State Police.

## Discussion

The principles of law that govern the court's analysis have been clearly established under Virginia law. Pursuant to Section 8.01-230, the case before the court is one in which injury to the person is claimed; therefore, "the prescribed limitation period shall begin to run from the date the injury is sustained. . . ." Here, the issue turns on whether any damages were incurred on or before February 8, 2002, the latest date by which the letter was first published. The primary contention of the plaintiff is that no injury was sustained until he was denied employment with the Virginia State Police on February 26, 2002. Only then, the plaintiff maintains, did his cause of action arise; thus, he filed his suit within the prescribed limitation period.

A number of cases are central to the court's ruling. The most significant decision is *Jordan v. Shands*, 255 Va. 492 (1998). There, the plaintiff brought a defamation action that was based on statements that were published on June 21, 1995. As a result of the statements, the plaintiff was arrested and prosecuted for criminal charges that were ultimately dismissed. The suit was not filed until June 27, 1996. However, the plaintiff argued that the cause of action should not be barred because it did not arise until July 11, 1995; this was the date on which the juvenile court acquitted the plaintiff of the charges that stemmed from the statements of June 21st. Nevertheless, the trial judge agreed with the position taken by the defense that the cause of action arose on June 21, 1995. As a result, the special plea was sustained and the case was dismissed.

In affirming the ruling of the circuit court, the Supreme Court of Virginia concluded that the cause of action arose when the alleged false statements were made: "Any cause of action that the plaintiff may have had for defamation against any of the defendants accrued on June 21, 1995, which is the date she alleges in her motion for judgment that the defamatory acts occurred." *Id.* at 498. The court went on to explain that "when an injury is sustained in consequence of a wrongful or negligent action of another and the law affords a remedy, the statute of limitations immediately attaches." *Id.* at 498 (citations omitted).

As part of its reasoning, the *Jordan* court also cited the case of *Caudill v. Wise Rambler*, 210 Va. 11 (1969). The significance of *Caudill* is its emphasis on when the statute of limitations begins to run in cases that involve injury to the person. There, the court held that at the time that any injury arises from the

commission of a tort, the existence of such injury immediately triggers the running of the statute of limitations. On this issue, the court said: "Where an injury, though slight, is sustained in consequence of the wrongful or negligent act of another and the law affords a remedy therefor, the statute of limitations attaches at once. It is not material that all the damages resulting from the act should have been sustained at that time and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date." *Id.* at 14-15 (citations omitted).

Courts that have applied Virginia law in connection with personal injury claims have consistently followed the rationale of *Caudill*. Such courts have held that the limitation period begins to run as soon as the initial injury is sustained, even if the injury itself is slight. The degree or extent of the damages claimed, the development of additional damages, or the increased severity of the original injury complained of are not dispositive. As soon as any injury occurs, the period of limitation is commenced. See *St. George v. Pariser*, 253 Va. 329 (1997); *Stone v. Ethan Allen, Inc.*, 232 Va. 365 (1986); *Resolution Trust Corp. v. Walde*, 856 F. Supp. 281 (E.D. Va. 1994); *Burton v. Terrell*, 368 F. Supp. 553 (W.D. Va. 1973).

Moreover, although the decided cases involve plaintiffs who suffered physical injury of some type, it should be noted that there is no reason why the rule set forth in *Caudill* should not apply with equal force to injuries that are claimed in defamation cases. This assertion is supported by the well known common law principles that govern the types of damages that can be recovered in defamation cases. In particular, it must be stressed that such damages are not limited to financial loss. Rather, they include damage to one's reputation and standing in the community, as well as pain, embarrassment, humiliation, and mental suffering. *Fleming v. Moore*, 221 Va. 884 (1981). Typically, at least some damage occurs as soon as the false statements are published. Thus, if an alleged act of defamation results in any damage that is recoverable, the cause of action accrues at that time; this holds true even if a subsequent right of action for pecuniary loss arises because of the published statements.

In light of the above discussion, the court will now turn its attention to the present case. The analysis must commence with an examination of the pleadings filed by the plaintiff. The importance of the pleadings was emphasized by the Supreme Court of Virginia in *Jordan, supra*. There, the court said: "According to the plaintiff's pleadings, the alleged acts of defamation occurred on June 21, 1995, and she purportedly sustained damages on that date. Thus, her cause of action accrued on June 21, 1995, and she was required to file her motion for judgment within one year of that date. She failed to do so and, thus, her claim is barred." *Id.* at 498. Therefore, the court

must ascertain if the pleadings in this case allege an act of defamation and if they claim damages that arose at the time that the tort was purportedly committed.

To begin with, the motion for judgment sets forth no specific date or dates with regard to the issue of publication. However, as mentioned above, the plaintiff concedes, and the discovery evidence cited by the defendants in their memoranda establishes, that the statements were published to various agents of the Virginia State Police on or before February 8, 2002. In addition, the pleadings allege damages that are by no means limited to the financial loss that is claimed by the plaintiff because he was rejected for employment by the Virginia State Police. Paragraph 9 alleges that the defendants caused the plaintiff to suffer "great mortification, humiliation and shame, injury to his good reputation, harm in the conduct of his business affairs, *and* financial loss." (Emphasis added.) Most important, the motion for judgment does not state that the plaintiff was injured only at the time that his application for employment with the Virginia State Police was rejected, nor does it assert that such time was when the damages were proximately caused by the publication of the letter. Rather, Paragraph 9 explicitly claims that as a proximate result of the publication of the statements, the plaintiff "has been and will forever be hampered in the practice of his profession, all in that plaintiff has been falsely accused in having conducted himself in an unethical and unprofessional manner. Much of his injury will endure permanently."

Thus, it is clear that the motion for judgment seeks damages that include more than the loss of an employment opportunity with the Virginia State Police. Moreover, in the court's view, the pleadings ask for at least some relief for injury that arose when the defamatory statements were first published. Arguably, the harm claimed by the plaintiff was exacerbated by the failure of the Virginia State Police to hire him. Furthermore, perhaps the amount of his potential damages was increased when the defamatory statements caused him to lose the employment opportunity with the Virginia State Police. Nevertheless, the pleadings before the court contain a claim for some damages that arose when the false and defamatory statements were first published. Based on the cases discussed above, the statute of limitations began to run as soon as some injury was sustained.

As a result of the above analysis, the court concludes that the cause of action described in the pleadings arose on or before February 8, 2002. The motion for judgment was not filed until February 13, 2003. The action is thus barred by the one year limitation period that applies to defamation cases. The pleas in bar filed by the defendants will be sustained by the court.