# CIRCUIT COURT OF THE CITY OF RICHMOND

Michael D. Rilee

v.

Jennifer Woodson Rilee

July 26, 2007

Case No. CL07-2360-1

BY JUDGE MELVIN R. HUGHES, JR.

This is a defamation lawsuit which has a background divorce proceeding pending in the Circuit Court of Gloucester County. Plaintiff alleges that the defendant, his wife, referred to him as a wife and child abuser in correspondence to the Virginia State Bar. The statement was allegedly made after plaintiff-husband filed a complaint against wife's divorce case counsel with the Virginia State Bar. Thereafter, wife wrote a letter in defense of her counsel and is said to have "used the occasion" to make the defamatory statement about the plaintiff. The defendant requests a change of venue.

According to the Complaint, the statement was published to the "Virginia State Bar, a state agency based in the City of Richmond." At the hearing on the venue motion, the parties agree that the letter went to the Bar's Alexandria office, where husband filed the complaint against wife's counsel. The letter was addressed to Marian Beckett, Bar Counsel. Defendant contends there is no venue here and the case should transfer to either Alexandria or Gloucester. The basis for the request is that the defendant resides in Gloucester or the cause of action (by publication) arose in Alexandria. Alternatively, venue should be in Gloucester because the parties and witnesses all reside there under Va. Code § 8.01-265. The plaintiff counters that, under § 8.01-262(6), the cause of action arose here because the Virginia State Bar headquarters and offices are here. Thus, publication necessarily occurred here because, as an entity, the Virginia State Bar necessarily has internal processes

for attorney complaints. Thus, publication was made to the Bar itself, with its headquarters here. Plaintiff relies on a presumption of correctness with respect to his venue choice.

The "evidence" as recited above consists of the statements of counsel over which there is no disagreement. No witnesses testified for or against the motion. The plaintiff argues the circulation of defamatory words by corporate employees can only give rise to republication when conveyed to other third parties. See *Chalkley v. Atlantic Coast Line RR.*, 150 Va. 301, 143 S.E. 631 (1928). But while the court must agree, this does not answer the question of where the "cause of action" arose in the first instance under the words of Va. Code § 8.01-262(6) for venue purposes. In other words, the fact that Bar employees see, hear, and share the defamatory statement and may repeat it through various forms of intra-office communication, while not giving rise necessarily to separate new causes of action as republications, does not limit consideration to the situs of the cause of action, for the statute speaks in terms of where the cause of action "arose."

According to plaintiff, the cause of action accrued when defendant published the June 24, 2006, letter to Ms. Beckett, received in Alexandria. See *Jordan v. Shands*, 255 Va. 492, 500 S.E.2d 215 (1998). (Defamation occurred on a given date and plaintiff sustained damages then, for purposes of the statute of limitations). Accordingly, plaintiff's cause of action "arose" in Alexandria. So Alexandria is a proper venue, Richmond is not. Plaintiff no longer has a presumption of correctness in his choice of Richmond.

There is also no dispute that the parties all reside in Gloucester. So, venue lies there as well, as the place where defendant resides under Va. Code § 8.01-262(1). Given that there are two places for venue, the court may transfer to either forum.

While there is no evidence relating to inconvenience of the parties and witnesses, both parties reside in Gloucester and all the attendant circumstances presumably obtain there as well as sources of proof of damage to reputation in and among persons with whom the parties are associated in that community. In addition, the court there may better regulate the timing of the case's proceedings to consider *inter alia* any judgment in plaintiff's favor and expenses that either of them may bear in the cases for consideration of the parties' financial resources should there be issues relating to equitable distribution in the pending divorce proceeding. The court will therefore order that the venue be changed to the Circuit Court of Gloucester County.