**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-2105

_____

DORA L. ADKINS,

        Plaintiff - Appellant,

    v.

AMERICAN SERVICE CENTER ASSOCIATES, LLC; MICHAEL CHARAPP,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:22-cv-00956-LMB-WEF)

_____

Submitted:  January 17, 2023                        Decided:  January 19, 2023

_____

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Dora L. Adkins, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dora L. Adkins appeals the district court's order denying her motion for leave to file a complaint and application to proceed on that complaint in forma pauperis.[*]  These rulings were made pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires a district court to dismiss those civil actions filed in forma pauperis that are frivolous or fail to state a claim on which relief may be granted.  A claim is frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 322-23 (1989).  We review the dismissal of a claim as frivolous for abuse of discretion. *Nagy v. FMC Butner*, 376 F.3d 252, 254-55 (4th Cir. 2004).  The dismissal of a claim for failure to state a claim on which relief may be granted is reviewed de novo. *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005).  Although a pro se litigant's pleadings are to be construed liberally, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), her complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).  She must articulate facts that, when accepted as true, demonstrate she has stated a claim entitling her to relief. *Id.*

---

[*] The district court also directed the clerk not to accept further motions for leave to file or other attempts by Adkins to file a new civil action unless she pays the required filing fee and administrative fee, but Adkins confines her appeal to the district court's denial rulings.

2

Adkins' proposed complaint fails to state a plausible claim under Virginia law against Defendants for intentional infliction of emotional distress, *see Delk v. Columbia/HCA Healthcare Corp.*, 523 S.E.2d 826, 833 (Va. 2000); *Jordan v. Shands*, 500 S.E.2d 215, 218-19 (Va. 1998), and is frivolous. Accordingly, we affirm the district court's judgment. *Adkins v. Am. Serv. Ctr. Assocs., LLC.*, No. 1:22-cv-00956-LMB-WEF (E.D. Va. Oct. 19, 2022). We grant Adkins' motion for leave to amend her informal brief and deny her motions to vacate and remand, to remand, for leave to withdraw, for leave to vacate and remand, and to withdraw. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*