Present: All the Justices

LILLIAN PARKER DELK

                              OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 990175              January 14, 2000

COLUMBIA/HCA HEALTHCARE CORP., ET AL.

             FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                    William C. Andrews, III, Judge

     In this appeal of a judgment sustaining a demurrer in a

medical negligence action, we consider, among other things,

whether the plaintiff pled causes of action in her third

amended motion for judgment for the defendants' negligent

failure to protect her from the intentional acts of a third

person, the defendants' negligent failure to control the acts

of a third person, negligent infliction of emotional distress,

and intentional infliction of emotional distress.

                                   I.

     The plaintiff, Lillian P. Delk, filed her third amended

motion for judgment against Columbia/HCA Healthcare

Corporation and Virginia Psychiatric Company, Inc., d/b/a

Columbia Peninsula Center for Behavioral Health.  She alleged

that the defendants breached certain duties owed to her when

she was a patient at Columbia Peninsula Center for Behavioral

Health, a psychiatric hospital.  The defendants filed

demurrers to the amended motion and asserted that the

plaintiff failed to allege viable causes of action against

them.  The circuit court sustained the demurrers and entered a judgment in favor of the defendants.  Delk appeals.

II.

A.

Our inquiry is governed by settled principles that control a circuit court's consideration of a demurrer.  A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from alleged facts." Cox Cable Hampton Roads, Inc. v. City of Norfolk, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991); accord Plummer v. Center Psychiatrists, Ltd., 252 Va. 233, 234, 476 S.E.2d 172, 173 (1996).  A demurrer, however, does not admit the correctness of the pleader's conclusions of law.  Ward's Equip., Inc. v. New Holland North America, Inc., 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997).

When a circuit court sustains a demurrer to an amended pleading which is complete in itself and fails to incorporate by reference allegations in earlier pleadings, we will consider only the allegations contained in the amended pleading that was the subject of the demurrer sustained by the judgment appealed from.  Bell Atlantic-Virginia, Inc. v. Arlington County, 254 Va. 60, 63 n.2, 486 S.E.2d 297, 299 n.2 (1997); Norfolk & W.Ry. Co. v. Sutherland, 105 Va. 545, 549-

2

50, 54 S.E. 465, 466 (1906); see also Breeding v. Hensley, 258 Va. 207, 212, 519 S.E.2d 369, 371 (1999); Trotter v. E.I. Dupont de Nemours & Co., 124 Va. 680, 682-83, 98 S.E. 621, 622 (1919). Thus, we will recite only those facts contained in Delk's third amended motion for judgment, and we will consider only her assignments of error that relate to that pleading.

Delk assigned error to several rulings by the circuit court that are contained in orders sustaining the defendants' demurrers to her earlier motions for judgment: "the [t]rial [c]ourt erred in ruling that all of the plaintiff's claims were medical malpractice"; "the [t]rial [c]ourt erred in holding that plaintiff had not sufficiently alleged actual fraud"; and "the [t]rial [c]ourt erred in holding that plaintiff had not sufficiently alleged punitive damages." Delk failed to incorporate by reference in her third amended motion for judgment allegations in her prior motions for judgment and, therefore, we cannot consider these assignments of error because they were not the subject of the circuit court's judgment sustaining the demurrers to her third amended motion for judgment.

### B.

Delk, a married woman, was admitted as a patient to Columbia Peninsula Center for Behavioral Health. The Virginia Psychiatric Company, Inc., which operated the hospital under

3

the assumed name of Columbia Peninsula Center for Behavioral Health, was "an affiliated partnership or wholly-owned subsidiary of Columbia/HCA Healthcare Corporation."

Delk was admitted to the hospital because of exacerbation of her bipolar condition.[*]  "[A]t the time of her hospitalization, [Delk] was identified as being a potential danger to herself, others, and property.  [She] was further deemed unable to meet the capacity of the ordinary demands of her familial, occupational, and social environment.  Hospitalization was necessary for continued skill observation, structured intervention, as well as medical and psychological support."

Delk had a "history of mood disorders and hospitalizations."  She also had "a long-standing history of psychiatric problems since the age of seventeen (17), associated with sexual molestation as a young child and a gang rape while a teenager."  This information was "disclosed to relevant staff."  During "her hospitalization . . . [Delk] was deemed by Columbia Peninsula Center for Behavioral Health to be a high risk to herself and others and in need of constant 24-hour supervision and surveillance."

---

[*] Bipolar disorder is a chronic disease which causes patients to experience recurrent episodes of elation and depression.  Robert Jean Campbell, M.D., Psychiatric Dictionary 97 (7th ed. 1996).

According to Delk's allegations, "[o]n or about February 26 or February 27, 1997, [a] male who is believed to have been a patient at the Defendants' psychiatric facility at the time of the sexual assault, and who was also believed to be HIV positive, entered [Delk's] room on the acute care unit of Columbia Peninsula Center for Behavioral Health and sexually assaulted her. Although members of the nursing staff . . . observed and documented the presence of this unauthorized adult male in [Delk's] room, no further actions occurred from the staff or management of Columbia Peninsula Center for Behavioral Health . . . . No notation was made in [Delk's] medical records regarding the sexual assault."

The hospital's "staff and administrators were under a duty of care to supervise and control the assailant, who was believed to be a patient in the acute care wing of the Defendants' psychiatric facility at the time of the sexual assault." Delk pled that the defendants "were well aware of the assailant's troubled history, predisposition, disturbing interaction with other patients and medical condition, yet took no steps to protect [her] or the other potential victims. Defendants breached this duty of care by allowing the assailant to enter [Delk's] room on the acute care unit and thus, allowing sexual misconduct to take place."

5

Delk alleged that the sexual assault upon her was foreseeable and avoidable. She pled that the defendants committed acts of ordinary negligence by failing to adequately protect her. She also alleged that the defendants committed acts of ordinary negligence because they failed to control her assailant.

Delk pled that "[d]efendant, Columbia Peninsula Center for Behavioral Health, by and through its agents, employees, and assigns, failed to undertake any actions although the Defendant had knowledge that the alleged assailant adult male patient was HIV positive. Further, Defendant, Columbia Peninsula Center for Behavioral Health, did not relate information to [Delk] . . . or any criminal authorities concerning the sexual assault or her exposure to the HIV virus. Defendant's conduct showed an utter disregard of prudence and such conduct amounted to the complete neglect for the safety of [Delk]. As a direct and proximate result of Defendant's gross negligence . . . [Delk], and possibly other members of her immediate family, have been exposed to the HIV virus."

The plaintiff further alleged that as "a direct and proximate result of Columbia Peninsula Center for Behavioral Health's outrageous conduct, negligence and attempt to cover up its negligence (through misleading and faulty notations in

6

the medical records) in failing to adequately supervise the Plaintiff, [Delk] suffered physical and bodily harm." She claimed that as a result of defendant's "reckless, outrageous and negligent infliction of emotional distress," she "suffered severe mental, emotional and physical trauma." She alleged that, as a result of "[d]efendant's extreme, reckless, outrageous and intentional infliction of emotional distress," she "has suffered severe mental, emotional and physical trauma."

## III.

### A.

Delk contends that she pled a cause of action for negligence against the defendants arising out of their failure to protect her and, therefore, the circuit court erred in sustaining the defendants' demurrer to this claim. Continuing, she asserts that the defendants had a duty of care to supervise her on a 24-hour basis to insure her safety and that a special relationship existed between her and the defendants which created this duty of protection. Responding, defendants assert that they had no duty to prevent any criminal attack upon Delk because they claim that they did not have a special relationship with her. Additionally, the defendants contend that the criminal attack upon Delk was not reasonably foreseeable.

7

A plaintiff who seeks to establish actionable negligence must plead the existence of a legal duty, violation of that duty, and proximate causation which results in injury. Marshall v. Winston, 239 Va. 315, 318, 389 S.E.2d 902, 904 (1990); Fox v. Custis, 236 Va. 69, 73-74, 372 S.E.2d 373, 375 (1988). Generally, a person does not have a duty to protect another from the conduct of third persons. Burdette v. Marks, 244 Va. 309, 311, 421 S.E.2d 419, 420 (1992); Marshall, 239 Va. at 318, 389 S.E.2d at 904. This general rule, however, does not apply when a special relationship exists (1) between the defendant and the plaintiff which gives rise to a right to protection to the plaintiff, or (2) between the defendant and the third person which imposes a duty upon the defendant to control the third person's conduct. A.H. v. Rockingham Publishing Co., 255 Va. 216, 220, 495 S.E.2d 482, 485 (1998); Burdette, 244 Va. at 312, 421 S.E.2d at 420; Dudley v. Offender Aid & Restoration, 241 Va. 270, 276, 401 S.E.2d 878, 881 (1991); Fox, 236 Va. at 74, 372 S.E.2d at 375; Klingbeil Management Group Co. v. Vito, 233 Va. 445, 447-48, 357 S.E.2d 200, 201 (1987).

We hold that the allegations contained in Delk's third amended motion for judgment are sufficient to permit her to fall within the limited exception to the general rule and, thus, she pled a cause of action for negligence against the

8

defendants.  Delk's amended motion contains sufficient allegations which, if proven, would establish the existence of a special relationship between her and Columbia Peninsula Center for Behavioral Health and, thus, would give rise to a duty on the part of the defendants to protect her from third persons.  For example, Delk alleged that the defendants knew that:  she was a danger to herself and others; she had a long history of psychiatric problems associated with sexual assaults upon her; Columbia Peninsula Center for Behavioral Health deemed Delk to be a high risk to herself and others; and she was in need of constant 24-hour supervision and surveillance.

The defendants, relying principally upon A.H. v. Rockingham Publishing Co., supra, assert that the sexual assault upon Delk was legally unforeseeable.  We disagree.

In Rockingham Publishing, we considered whether a newspaper publishing company had a duty to warn a 13 or 14-year old newspaper carrier of the danger of a criminal assault by a third person while the carrier was delivering newspapers in the early morning hours.  The carrier, identified as A.H., delivered newspapers in the City of Harrisonburg on an assigned route.  A.H. was sexually assaulted by a man while A.H. was delivering newspapers between 6:00 and 6:30 a.m. on November 7, 1989.  There had been three prior pre-dawn

9

assaults of a sexual nature upon other Rockingham Publishing carriers while they were delivering their newspapers, but none of the prior assaults had occurred on or near A.H.'s route. Rockingham Publishing knew about the prior assaults before the assault on A.H. The first assault occurred about five years before the assault on A.H., the second about four and a half years before, and the third about four months earlier. Rockingham Publishing, 255 Va. at 219, 495 S.E.2d at 484.

Even though we held that a special relationship existed between A.H. and Rockingham Publishing, we stated:

> "A court must still determine whether the danger of a plaintiff's injury from such conduct was known to the defendant or was reasonably foreseeable. '[W]here the duty does exist [arising from a requisite relationship], the obligation is not an absolute one to insure the plaintiff's safety[;] . . . . [t]here is . . . no liability . . . where the defendant neither knows nor has reason to foresee the danger or otherwise to know that precautions are called for.' W. Page Keeton, et al., Prosser & Keeton on the Law of Torts § 56, at 385 (5th ed. 1984)."

Id. at 220-21, 495 S.E.2d at 485. We concluded that the assault upon A.H. was not foreseeable. We observed that

> "the three prior sexual assaults on Rockingham carriers in various locations in the City of Harrisonburg in the five years preceding the assault on the plaintiff were insufficient to raise a jury issue of whether a sexual attack on the plaintiff was reasonably foreseeable. This is not a case in which it was shown that the prior assaults were at or near the location of the plaintiff's assault, or that they occurred frequently or sufficiently close

10

in time to make it reasonably foreseeable that the plaintiff would be similarly assaulted."

Id.. at 222, 495 S.E.2d at 486.

Here, unlike the plaintiff in A.H. v. Rockingham Publishing, Delk pled sufficient facts which, if established at trial, would create a jury issue on the question whether the assault upon her was reasonably foreseeable. Delk essentially alleged that she was especially vulnerable to a sexual assault because of her psychiatric problems and her need for "constant 24-hour supervision and surveillance." The defendants were aware of her particular vulnerabilities and her psychiatric history. She also alleged that the defendants were well aware of the assailant's troubled history, predisposition, disturbing interaction with other patients, and medical condition, and that "members of the nursing staff of Columbia Peninsula Center for Behavioral Health observed and documented the presence of this unauthorized adult male in [Delk's] room," but took no action. She further alleged that because of her "sexual abuse history and bipolar condition, [she was placed] at an additional high risk to such incidents."

B.

Delk contends that she pled a separate cause of action against the defendants for their "negligent failure to control

11

the assailant."  Continuing, she asserts that the defendants had a duty to control the assailant and, as a result of their breach of this duty, she was assaulted by him.  Responding, the defendants assert that the circuit court properly sustained their demurrers to Delk's claim that they failed to control the assailant because Delk failed to plead in her amended motion that the defendants had "taken charge" of the assailant.  We disagree with the defendants.

Section 315(a) of the Restatement (Second) of Torts (1965), states in part:

> "There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless
>     (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct . . . ."

Section 319 of the Restatement (Second) of Torts provides as follows:

> "One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm."

We have held that the aforementioned provisions of the Restatement give rise to a duty in tort only if a special relationship exists between a defendant who is charged with negligence and the actor, and that this special relationship is established when the defendant has taken charge or

12

exercised control over the actor.  Fox, 236 Va. at 75, 372 S.E.2d at 376.  We recently stated that "[i]t is a settled rule of decision in this Court . . . that, in order to establish a 'special relation' under Restatement § 315(a) . . . a plaintiff must allege facts which, if proven, would show that the defendant had 'take[n] charge' of a third person within the meaning of § 319."  Nasser v. Parker, 249 Va. 172, 179-180, 455 S.E.2d 502, 505 (1995).  In Nasser, a plaintiff filed an amended motion for judgment against a psychiatrist and a psychiatric hospital and sought to recover damages for intentional torts committed by a patient against a third party.  We held that the circuit court properly sustained the defendants' demurrers to the plaintiff's amended motion because the plaintiff failed to allege facts, which if proven, would have shown that the defendants had taken charge of the patient.  Id. at 181, 455 S.E.2d at 506.

Here, we hold that the circuit court erred in sustaining the demurrers to Delk's claim that the defendants were negligent because they failed to control her assailant.  As we have already stated, Delk alleged that her assailant was "believed to be a patient in the acute care wing of the . . . psychiatric facility" and that the hospital staff was aware of "assailant's troubled history, predisposition, disturbing interaction with other patients and medical condition."  There

13

is no allegation here, as there was in Nasser, that the assailant was in the hospital on a voluntary basis.

Because we are required at the demurrer stage of the proceedings to view the allegations and the inferences therefrom in the light most favorable to Delk, we must infer from her allegations that the defendants exercised control over her assailant and, thus, had taken charge of him because he was a resident in the acute care wing of a psychiatric hospital. Of course, at a subsequent trial, Delk will be required to prove, with evidence, that the defendants had taken charge of her assailant and that he was not in the hospital on a voluntary basis.

IV.

Defendant Columbia/HCA Healthcare argues that it has no legal duty to Delk because "Columbia/HCA is only alleged to be a corporate affiliate of [Columbia Peninsula Center for Behavioral Health] with no direct dealings with" Delk. We will not consider this contention.

Code § 8.01-273(A) states in part that "[i]n any . . . action at law, the contention that a pleading does not state a cause of action or that such pleading fails to state facts upon which the relief demanded can be granted may be made by demurrer. . . . No grounds other than those stated specifically in the demurrer shall be considered by the

14

court."  Defendant Columbia/HCA Healthcare failed to assert this contention in its demurrer and, thus, may not make this assertion on appeal.

V.

A.

Delk argues that she pled a cause of action for intentional infliction of emotional distress and, therefore, the circuit court erred by sustaining the demurrer to that claim.  Responding, the defendants argue that Delk failed to plead facts which would permit a jury to infer that they acted with an intent to cause her emotional distress.  We disagree with the defendants.

In Russo v. White, 241 Va. 23, 26, 400 S.E.2d 160, 162 (1991), we stated that a plaintiff who seeks to recover damages for intentional infliction of emotional distress must plead, and subsequently prove by clear and convincing evidence, that:  the wrongdoer's conduct is intentional or reckless; the conduct is outrageous and intolerable; the alleged conduct and emotional distress are causally connected; and the distress is severe.  A plaintiff must allege each of these elements with the requisite degree of specificity. Jordan v. Shands, 255 Va. 492, 499, 500 S.E.2d 215, 219 (1998); Ely v. Whitlock, 238 Va. 670, 677, 385 S.E.2d 893, 897 (1989).

We hold that Delk pled sufficient facts which if proven at trial, would permit a finder of fact to find that the defendants acted recklessly. It is common knowledge that HIV, which can be transmitted sexually or through an exchange of bodily fluids, can develop into AIDS, a fatal disease. Certainly, a finder of fact could conclude that the defendants acted recklessly if Delk presents evidence at a trial that the defendants knew she may have been exposed to HIV, but failed to inform her so that she could have taken preventive measures to avoid transmission of the potentially fatal disease to her husband.

We reject the defendants' contention that Delk failed to assert a legally sufficient claim for damages. Delk specifically alleged that "she has incurred and will incur in the future hospital, doctors' and related bills in an effort to be cured of [her] injuries." We must infer from this allegation that Delk incurred medical treatment in the past and will incur medical treatment in the future as a result of her exposure to HIV. See Russo, 241 Va. at 28, 400 S.E.2d at 163.

B.

Delk argues that the circuit court erred in sustaining the defendants' demurrer to her claim for negligent infliction of emotional distress. She contends that she pled facts

16

which, if proven, would be sufficient to establish the elements of this cause of action. Responding, the defendants contend that Delk failed to state a claim of negligent infliction of emotional distress because she failed to allege a physical injury in her amended motion. We agree with the defendants.

In Hughes v. Moore, 214 Va. 27, 197 S.E.2d 214 (1973), we discussed the elements of a cause of action for negligent infliction of emotional distress. We stated:

> "We adhere to the view that where conduct is merely negligent, not willful, wanton, or vindictive, and physical impact is lacking, there can be no recovery for emotional disturbance alone. We hold, however, that where the claim is for emotional disturbance and physical injury resulting therefrom, there may be recovery for negligent conduct, notwithstanding the lack of physical impact, provided the injured party properly pleads and proves by clear and convincing evidence that his physical injury was the natural result of fright or shock proximately caused by the defendant's negligence. In other words, there may be recovery in such a case if, but only if, there is shown a clear and unbroken chain of causal connection between the negligent act, the emotional disturbance, and the physical injury."

Id. at 34, 197 S.E.2d at 219; accord Myseros v. Sissler, 239 Va. 8, 9, 387 S.E.2d 463, 464 (1990).

Delk's conclusional allegation that she incurred "severe mental, emotional and physical trauma" is not sufficient to support a cause of action for negligent infliction of emotional distress. Delk failed to plead with specificity

17

that she incurred a physical injury which was the natural result of fright or shock proximately caused by the defendants' alleged negligence. Delk fails to provide any description of her physical injury in her amended motion. Therefore, we hold that the circuit court did not err in dismissing this claim.

VI.

We will affirm that portion of the circuit court's judgment which sustained the defendants' demurrers to Delk's cause of action for negligent infliction of emotional distress. We will reverse the remaining portions of the judgment, and we will remand this case to the circuit court so that Delk may proceed on her claims for the following causes of action: the defendants breached a duty of care owed to her in that they failed to protect her from the assailant; the defendants breached a duty of care owed to her because they failed to control the assailant; and the defendants committed acts which constituted intentional infliction of emotional distress. We express no opinion on Delk's assignments of errors which were not the subject of the demurrers to her third amended motion for judgment.

<u>Affirmed in part</u>,<br><u>reversed in part</u>,<br><u>and remanded</u>.