**CIRCUIT COURT OF THE CITY OF NORFOLK**

Renita Myers

v.

Gerald D. Tyler

May 8, 2003

Case No. (Law) 02-2752

BY JUDGE JOSEPH A. LEAFE

This issue comes before the Court on Defendant Gerald Tyler's Plea of Sovereign Immunity. For the reasons discussed below, the Court denies Defendant's plea.

Plaintiff Renita Myers filed a motion for judgment against Defendant Gerald Tyler on November 25, 2002. In that motion for judgment, she included two counts: defamation and tortious interference with a prospective economic relationship. Both Plaintiff and Defendant are employees of Norfolk State University, an agency of the Commonwealth. Defendant is Plaintiff's direct supervisor. Plaintiff alleges that Defendant Tyler made defamatory statements on four occasions that attacked her truthfulness and competency in performing her job duties, as well as accusing her of conduct that amounts to committing multiple crimes. (Mot. for J. ¶¶ 3-6.)

On December 20, 2002, Defendant filed a plea of sovereign immunity on behalf of Norfolk State University, which he claims is the real party in interest. He asserts that the doctrine of sovereign immunity bars this action against the University and Defendant Tyler. (Plea of Sovereign Immunity, at 1.) Defendant claims that as an employee of the University acting within the scope of his employment, Defendant's actions in this case are immune from suit. *Id.* Plaintiff must, therefore, bring this action in accordance with the requirements of the Virginia Tort Claims Act. *Id.* at 2. There is no assertion by

Plaintiff that she has complied with those requirements. *Id.* As discussed below, sovereign immunity does not shield a state employee from liability for his intentional torts. Therefore, the plea of sovereign immunity is dismissed.

## Discussion

## Demurrer

> In any suit in equity or action at law, the contention that a pleading does not state a cause of action or that such pleading fails to state facts upon which the relief demanded can be granted may be made by demurrer. . . . No grounds other than those stated specifically in the demurrer shall be considered by the court.

Va. Code Ann. § 8.01-273 (2003).

A demurrer tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000) (quoting *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)). Additionally, on demurrer, a court may consider the substantive allegations of the pleading in addition to any accompanying exhibit mentioned in the pleading. *Flippo v. F & L Land Co.*, 241 Va. 15, 16, 400 S.E.2d 156, 156 (1991) (citing Va. Sup. Ct. R. 1:4(i)).

## Sovereign Immunity

A state employee is not immune from liability for defamatory words spoken while performing his duties as a state employee. *Elder v. Holland*, 208 Va. 15, 19, 155 S.E.2d 369, 372-73 (1967). A state employee can be held liable for committing intentional torts both within and without the scope of his duties. *Id.* "A state employee who acts wantonly, or in a culpable or grossly negligent manner, is not protected. And neither is the employee who acts beyond the scope of his employment, who exceeds his authority and discretion, and who acts individually." *James v. Jane*, 221 Va. 43, 53, 282 S.E.2d 864, 869 (1980). If the motion for judgment alleges intentional torts,

514

resolution of the allegations will require an evidentiary hearing. *Fox v. Deese*, 234 Va. 412, 423-24, 362 S.E.2d 699, 706 (1987). A defendant will not be immune if the evidence establishes that he committed an intentional tort.

In this case, Plaintiff Myers alleges that Defendant Tyler committed two intentional torts: defamation and tortious interference with a prospective economic relationship. If Plaintiff proves that Defendant committed these intentional torts, Defendant will not be protected by the doctrine of sovereign immunity. Therefore, the Court denies Defendant's Plea of Sovereign Immunity.

## Qualified Privilege

Defendant has, in his memorandum supporting his plea, asserted that the statements in dispute are privileged because they were made in an employment situation and concerned evaluation of the employee's performance. Defendant argues that the defamation claims should be dismissed because Plaintiff has not alleged that Defendant acted with malice or in bad faith. The Court may only consider grounds specifically stated in the demurrer. Va. Code Ann. § 8.01-273 (2003). Defendant did not include this argument as a ground for his demurrer. In addition, qualified privilege is an affirmative defense. Therefore, the Court will not consider the Defendant's assertion of qualified privilege at this time.