# CIRCUIT COURT OF ORANGE COUNTY

Hoffman

v.

Snow et al.

March 8, 2004

BY JUDGE DANIEL R. BOUTON

The starting point for the court's analysis of the Motion to Strike Third Amended Motion for Judgment is the demurrer filed by the defendants. The demurrer was sustained in part by the court; however, leave was then granted to the plaintiffs to file new pleadings in response to a number of specific points raised by the demurrer. The court's ruling on the demurrer applied only to count one of the motion for judgment.

Turning to the issue now before the court, it should first be noted that there is no dispute that the amended motion for judgment before the court contains some language that is different from what was in the prior pleadings. It also includes a number of facts that were not mentioned in the most recent amended motion for judgment and it omits others that were included. The defendants assert that the amended motion for judgment contains modifications that were not authorized by the court. They argue that the modifications are not warranted under the principles of law that apply when a court grants a litigant leave to file amended pleadings in response to a demurrer that has been sustained. As a result, they ask the court to strike the pleadings and dismiss the case.

In Virginia, when a demurrer has been sustained, the trial court has the discretion to grant leave to amend in order to provide a litigant with an opportunity to address deficiencies in the pleadings. Moreover, leave to amend "shall be liberally granted in furtherance of the ends of justice." (Rule 1:8.)

In the court's view, however, when leave to amend is granted, such leave does not permit a litigant to plead new theories of relief that fail to address the points raised by the ruling on the demurrer. Moreover, such leave does not allow a party to plead new facts that completely alter the substantive basis upon which the request for relief is premised. Finally, such leave does not permit a party to plead new facts that would prejudice the opposing party.

On the other hand, when leave to amend is granted, a party is not required to repeat every single word and include each and every phrase that can be found in the pleadings to which a demurrer has been sustained. In this regard, one of the primary reasons why leave to amend is granted is to provide a litigant with the opportunity to revise, modify, or add to the facts so that the new pleadings address the problems or limitations raised by a ruling that sustains a demurrer. Thus, by its very nature, leave to amend requires that counsel be vested with at least some leeway to revise or correct any factual assertions.

In the present case, the court's ruling on the dispute turns on the role that pleadings occupy in a case of this type. As stated in *Bolling v. Acceptance Corp.*, 204 Va. 4, 9, 129 S.E.2d 54 (1963), the "function of pleading is to inform the opposing party of the nature of the case to be made against him. That purpose would be defeated if it were permissible to allege one case and prove another." This function remains the same when a demurrer has been sustained and leave to amend has been granted.

A review of the disputed pleadings in this case demonstrates that no new theories of relief are contained in the amended motion for judgment. To the extent that some of the language is different, the crux of the claims against the defendants has not at all been modified. On this point, the court is not aware of any case where an amended pleading has been stricken because of different language, additional factual assertions, or factual omissions that can be found in the new pleadings.

The analysis set forth above also applies to the paragraphs that have been incorporated by reference into count two and count three of the amended motion for judgment. On this point, the plaintiffs rely to a certain extent on the reasoning of *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 523 S.E.2d 826 (2000). There, the court stated that "when a circuit court sustains a demurrer to an amended pleading which is complete in itself and fails to incorporate by reference allegations in earlier pleadings," the appellate court "will consider only the allegations contained in the amended pleading that was the subject of the demurrer sustained by the judgment appealed from." *Id.*, at 129.

Here, once the court sustained the demurrer to count one, the count itself was dismissed. At that point, count two and count three were directly affected because the facts that were purportedly incorporated by reference into such counts actually derived from a count that was no longer before the court. Therefore, in order to complete count two and count three of the amended motion for judgment, the plaintiffs had to replead in count two and count three all of the facts set forth in the motion for judgment to which the demurrer was sustained or incorporate by reference the allegations as stated in the amended motion for judgment that is before the court. Here, the plaintiffs have chosen the latter alternative.

The incorporation by reference of pleaded facts into count two and count three does not in any way change or alter the substance of either of those counts. The theories of relief remain as originally pleaded and the factual assertions that have been incorporated by reference do not prejudice the defendants. To the extent that leave of court is necessary for such incorporation, such leave is hereby granted.

As a result of the above analysis, the court concludes that the amended motion for judgment addresses the issues raised by the demurrer. It also informs the defendants of the nature of the case to be made against them. Furthermore, the nature of the case has not been changed by the amended motion for judgment. Therefore, the motion to strike the pleadings and dismiss the case will be denied.

One final point must be stressed by the court. The decision with regard to the pleadings will have no impact on any evidentiary rulings at trial. The proof that must be forthcoming at trial will be limited to the theories of relief and the factual assertions contained in the amended motion for judgment. In other words, the plaintiffs will not be permitted to "allege one case and prove another." Furthermore, whether any evidence regarding the pleaded facts is relevant or admissible will be determined at trial.

In closing, the court declines to set a trial date for this case at this time. If either side contends that the case is mature for trial, a praecipe can be filed and the issue will be addressed by the court at that time.