# CIRCUIT COURT OF THE CITY OF RICHMOND

Martin R. Clagett

v.

Allstate Insurance Co. et al.

September 15, 2006

Case No. CL06-216-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the court on Defendants' Demurrer to Plaintiff's First Amended Motion for Judgment, filed with leave granted, after the court sustained a demurrer to the original Motion for Judgment. The claim is brought by homeowner Martin R. Clagett against his insurance agency, Allstate Insurance, for personal injury arising out of adjusting a claim under a homeowner's policy for water damage caused by Hurricane Isabel in September 2003. Plaintiff alleges that he suffered a vasovagal episode caused by the behavior of Allstate and its agents. The first demurrer went to the two and only claims of intentional infliction of emotional distress and negligent infliction of emotional distress in the original Motion for Judgment.

In addition to the previous counts, the First Amended Motion for Judgment asserts a new count of negligence. For the reasons enumerated in the court's letter of June 5, 2006, the court will sustain the demurrer as to intentional infliction of emotional distress and negligent infliction of emotional distress. These claims, reasserted, are essentially unchanged. The court continues to believe that the conduct alleged by the defendants' agents only amounts to rude and discourteous behavior, which is not actionable for emotional distress.

On demurrer, the court must not question the validity of the facts but accept them as true for purposes of finding a pleading's legal sufficiency. *Glazebrook v. Board of Supervisors of Spotsylvania County*, 266 Va. 550, 554, 587 S.E.2d 584, 591 (2003). Defendant states that the new count of negligence is merely a repackage of the allegation of intentional infliction of emotional distress, and the court agrees.

As to negligence, Plaintiff relies on *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 523 S.E.2d 826 (2000), analogizing the facts of this case with those of *Delk*. In *Delk*, a patient at a mental health institution attacked plaintiff, who was also a patient. The healthcare facility knew that the attacking patient was HIV-positive, but did not relay this information to the victim. The court found that the institution had a duty of care to the victim and remanded the case to determine whether there had been intentional infliction of emotional distress due to a breach of this duty. *Id.*, at 138, 834. In so ruling, the court noted that there was a special relationship between the plaintiff and the healthcare facility, which created the duty of care. The distinction between *Delk* and the case at hand, is that Allstate has no duty of care or special relationship which would make the antagonizing conduct alleged sufficient in law to form a cognizable right for a recovery.

For the foregoing reasons, the Demurrer shall be sustained. Mr. Sievers can prepare an appropriate order with exceptions noted. The order shall not grant leave to amend and shall dismiss the claims with prejudice with exceptions noted.