# CIRCUIT COURT OF BRUNSWICK COUNTY

Turquoise Lane

v.

Saint Paul's College et al.

October 1, 2008

Case No. CL08-11

BY JUDGE W. ALLAN SHARRETT

On August 21, 2008, the Court heard Defendant Central Intercollegiate Athletic Association's (the "CIAA") demurrer to Plaintiff Turquoise Lane's negligence claim. The Court took the matter under advisement and rules on the demurrer herein. For the reasons stated below, the Court overrules the CIAA's demurrer.

## I. *Standard of Review*

"A demurrer tests only the legal sufficiency of the claims stated in the pleading challenged." *Thompson v. Skate Am.*, 261 Va. 121, 128, 540 S.E.2d 123, 126-27 (2001). A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred." *Id.* Thus, the sole question before the trial court "is whether the facts thus pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against the defendant." *Id.* at 128, 540 S.E.2d at 126-27. Therefore, the facts below are as alleged by Plaintiff in her Complaint.

## II. *Summary of the Facts*

On or about February 2, 2006, Lane, a student-athlete on the Livingstone College ("Livingstone") women's basketball team, traveled with her team to Saint Paul's College ("Saint Paul's") in Brunswick County, Virginia, to participate in a basketball game sponsored by the NCAA and the CIAA, of which both schools were members. During the course of the game, Lane was assaulted by a member of the Saint Paul's women's basketball team. Numerous Saint Paul's students, athletes, and agents entered the basketball court and joined Saint Paul's players in assaulting and battering Lane.

The CIAA is responsible for all aspects of athletic events involving conference members, including organizing, sponsoring, facilitating, overseeing, advertising, financing, hosting, securing, and officiating. The CIAA owed certain duties to Lane, as it was the sponsor of the event, was responsible for scheduling of the event, oversaw all CIAA events, oversaw and coordinated the management of CIAA events (including security), and was responsible for educating and training its member institutions.

The CIAA knew that Saint Paul's was a high crime location, that criminal assaults against individuals had occurred and would continue to occur at Saint Paul's, and that Saint Paul's provided a known target for repeat criminal activity, including assaultive crimes on Saint Paul's students, employees, invitees, and guests. The CIAA was specifically informed that students, employees, invitees, and guests were at a specific imminent risk for harm to their persons and that additional security steps should be taken to prevent such harm from occurring. Lane had no reason to know the information possessed by the CIAA and, therefore, was unlikely to be able to protect herself or to take evasive action if attacked. The assault on Lane was very similar to the type of criminal activities and assaults that had occurred in the recent past at Saint Paul's.

The CIAA failed to do the following: (1) to have adequate security personnel, equipment, and procedures in place; (2) to train its employees, contractors, and agents to prevent and/or respond to security events; (3) to warn Lane of the imminent risk she faced; (4) to control its employees, contractors, students, and agents to prevent them from assaulting Lane; and (5) to exercise reasonable care for the protection of Lane when it knew or should have known that Lane was at imminent risk of harm to her person. The CIAA knew that Lane had no reason to expect that she was at imminent risk for harm from an assault and, therefore, knew that warnings had to be given to Lane in order for her to have any opportunity to protect herself against harm.

### III. *Discussion*

Lane claims that the CIAA is liable on the basis of negligence for the injuries she sustained as a result of the assault and battery against her on February 2, 2006. "A plaintiff who seeks to establish actionable negligence must plead the existence of a legal duty, violation of that duty, and proximate causation which results in injury." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 132, 523 S.E.2d 826, 830 (2000). "[W]here there is no breach or violation of a legal duty to take care for the safety of the person or property of another, there can be no actionable negligence. *Atlantic Co. v. Morrisette*, 198 Va. 332, 333, 94 S.E.2d 220, 222 (1956).

The first hurdle for Plaintiff to clear is alleging that the CIAA owed her a legal duty. She states the following in her complaint regarding the CIAA's duties:

> The CIAA owed certain duties to Lane as it was the sponsor of the event, was responsible for scheduling of the event, oversaw all CIAA events, oversaw and coordinated the management of CIAA events, including security, was responsible for educating and training its member institutions, and for the other reasons set forth above.

(Compl. ¶ 45.)

At the hearing on the demurrer, Plaintiff's counsel argued that, "because [the CIAA] scheduled the event, oversaw it, coordinated management, coordinated security, and were responsible for educating and training the institutions, they took on a duty. . . ." (Dem. Hr'g Tr., 10:15-24, Aug. 21, 2008.)

Based on these allegations, the Court finds that Plaintiff has sufficiently alleged the first element of a negligence claim against the CIAA, that is that the CIAA owed her a legal duty.

The second element that Plaintiff must allege is a breach of the duty owed by the CIAA to Plaintiff. Paragraph 47 of her complaint summarizes the alleged breaches:

> [T]he CIAA [was] negligent in at least the following respects. . . .
>     a. [It] failed to have adequate security personnel in place.
>     b. [It] failed to have adequate security equipment in place.
>     c. [It] failed to have adequate security procedures in place.

d. [It] failed to train [its] employees contractors, and agents to prevent and/or respond to security events.

e. [It] failed to warn Lane of the imminent risk she faced.

f. [It] failed to control [its] employees, contractors, students, and agents to prevent them from assaulting Lane.

g. [It] failed to exercise reasonable care for the protection of Lane when [it] knew or should have known that Lane was at imminent risk of harm to her person. [It] knew that Lane had no reason to expect that she was at imminent risk for harm from an assault and, therefore, knew that warnings had to be given to Lane in order for her to have any opportunity to protect herself against harm.

(Compl. ¶ 47.)

At the hearing, Plaintiff's counsel argued that the CIAA "took on a duty and they breached it by failing to have adequate security in place, failing to have adequate equipment in place, failing to have adequate procedures in place, failing to train, failing to warn, failing to control." (Hr'g Tr., 10:15-24.)

Based on these allegations, the Court finds that Plaintiff has sufficiently alleged the second element of a negligence claim against the CIAA, that is that the CIAA breached its duty to Lane.

The third and final element of a negligence claim is proximate causation that results in injury. Plaintiff must allege that the CIAA's breach of duty was the proximate cause of actual injuries she sustained. The applicable portions of her complaint are as follows:

47. [T]he CIAA [was] negligent in at least the following respects, each of which was a direct and proximate cause of the injuries sustained by Lane. . . .

50. Lane was injured as a result of the conduct of all of the Defendants.

51. As a result of the injuries sustained because of the Defendants' conduct, Lane has suffered serious and permanent injuries, pain and suffering, mental anguish, permanent disability, lost income and loss of earning capacity, all of which will continue in the future and Lane has incurred, and will incur in the future, doctors' and related medical bills in an effort to be cured of injuries sustained as a result of the Defendants' conduct.

(Compl. ¶¶ 47, 50, 51.)

Based on these allegations, the Court finds that Plaintiff has sufficiently alleged the third element of a negligence claim against the CIAA, that is that the CIAA's breach of its duty was the proximate cause of her injuries.

## IV. *Conclusion*

A pleading is sufficient if it "clearly informs the opposite party of the true nature of the claim or defense." Va. Sup. Ct. R. 1:4(d). Assuming all facts as pleaded by Plaintiff are true, the Court finds them legally sufficient to state a cause of action against Defendant CIAA. Plaintiff has alleged all three elements of a negligence claim against this Defendant, therefore, informing it of the true nature of the claim against it.

For the foregoing reasons, the Court overrules the CIAA's demurrer. It is so ordered.