## CIRCUIT COURT OF CULPEPER COUNTY

Culpeper County
Department of
Social Services

v.

J. Michael Sharman et al.

July 7, 2009

Case No. CL09000116

BY JUDGE JOHN G. BERRY

This case came on for hearing on May 20, 2009, upon the Demurrer of Mr. Sharman in response to the Complaint (Declaratory Judgment) filed by the Department of Social Services (called the Department). The court also received certain documents under seal designated as an Addendum to the Complaint with Exhibits. The court has reviewed those documents. It later received additional documents under seal from Mr. Sharman and Mr. Beard's Motion to Strike concerning the additional documents. In view of the procedural posture of the case and specifically the office of a demurrer, the court sustains the Motion to Strike and does not consider the additional documents filed by Mr. Shaman in reaching Its decision on the Demurrer.

The Demurrer accepts as true all factual allegations (not legal conclusions) of the Complaint. *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 523 S.E.2d 826 (2000); *Bell v. Saunders*, 278 Va. 49 (2009). The Complaint alleges that a controversy has arisen between the Department and Mr. Sharman, who it guardian *ad litem* in cases involving children in the Department's custody, each of whom was the subject of a termination of parental rights petition denied by this court; each of those cases is now on appeal in the Court of Appeals of Virginia. The guardian *ad litem* has accused the Department of failing to disclose information to him in those cases relative

to allegations of sexual abuse of one of the children, and the Department admits that information was not disclosed. The guardian *ad litem* has demanded, or requested, that the Department take certain actions to remedy the lack of disclosure which he claims was required by law. As a consequence of the adversarial positions taken by the parties, the Department asks that the court determine whether it violated any legal duty to the children or the guardian *ad litem* or any provision of law by the failure to disclose and whether any cause exists to set aside the prior judgments of this court in the termination cases.

Mr. Sharman contends that the Department is attempting to mount, improperly, a review of the termination orders already on appeal and clearly now beyond this court's jurisdiction. He also argues that the proper vehicle for the relief sought is a proceeding pursuant to Va. Code § 8.01-428. At the beginning of the May 20 hearing, Mr. Sharman withdrew his motion for sanctions against the Department.

The Department responds that it has properly chosen a way to present this controversy, constituting an antagonistic assertion of rights, to the court, particularly when Va. Code § 8.01-186, it says, provides a means for the court to grant further relief under § 8.01-428.

The Department's Complaint, put simply, asks two questions: (1) did we do anything legally wrong or violate any duty in not disclosing the subject information to the guardian *ad litem*, whether the nondisclosure was inadvertent or intentional; and (2) would the disclosure of this information have made any difference in the outcome of the termination cases?

While respecting the Department's difficult position and understanding the remedial nature of the Declaratory Judgment Act, the court is not of the opinion that the questions posed by the Complaint are proper ones for declaratory judgment. The decision the court is being asked to render is advisory in nature, at least in part, and represents a "round-about" way to determine disputed factual issues rather than an adjudication of the parties' respective rights. *See Green v. Goodman-Gable-Gould Co.*, 268 Va. 102, 597 S.E.2d 77 (2004).

Accordingly, the court sustains the Demurrer.