## CIRCUIT COURT OF THE CITY OF NORFOLK

Angela Allen

v.

Jason New
and City of Norfolk

October 14, 2011

Case No. (Civil) CL10-5321

By Judge John R. Doyle, III

This matter came before the Court on October 4, 2011, for oral argument on Defendant, City of Norfolk's, Demurrer to Second Amended Complaint. The Court previously granted the City's Special Plea of Governmental Immunity as to the claims based on Virginia common law or statutory law. The Plaintiff's remaining claim against the City is contained in Count Two of the Complaint. It is an action brought pursuant to 42 U.S.C. § 1983. The City maintains that the Complaint does not allege sufficient facts to support such a claim against a municipality. Upon consideration of the pleadings and oral argument, the Court sustains the Demurrer and dismisses the Complaint.

A demurrer tests the sufficiency of factual allegations to determine whether the complaint states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000) (quoting *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)). Additionally, a trial court ruling on a demurrer may consider not only the substantive allegations of the pleading but also any accompanying exhibit mentioned in the pleading. *Flippo v. F & L Land Co.*, 241 Va. 15, 16, 400 S.E.2d 156, 156 (1991) (citing Va. Sup. Ct. R. 1:4(i)). However, "a demurrer does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988).

The Complaint speaks for itself. In summary, it alleges that New, an on-duty Norfolk Police Officer, was dispatched to Ms. Allen's home in response to her 911 call "requesting a rescue squad take her to the Emergency Room of the nearest hospital, as she was having trouble breathing." The Complaint alleges that New raped Ms. Allen in her home. The Complaint alleges that New was alone with Ms. Allen for 45 minutes without any contact with the dispatcher or his supervisors.

A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983. The City is only liable under § 1983 if it causes a deprivation of civil rights through an official policy or custom. *Monell v. Department of Social Services of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 611 (1978); *Carter v. City of Danville*, 164 F.3d 215 (4th Cir. 1999).

The issue here is whether the Complaint factually alleges that New's actions towards Ms. Allen were caused by a City official policy or customary practice. Allen alleges no official policy. Instead, she argues that New's actions were the result of supervisory neglect. To maintain such an action against the City, Allen would have to allege (1) a widespread practice of such supervisory·neglect which (2) amounted to *de facto* City policy and (3) made reasonably probable that such an unsupervised police officer would commit rape or other similar deprivation of civil rights. *See Spell v. McDaniel*, 824 F.2d 1380 (4th Cir. 1987).

The initial question is whether the Complaint alleges facts that raise this supervisory neglect above the neglect of New's supervisor and into the realm of department wide policy or practice.

On oral argument, Allen concedes that she has no evidence of any other similar occurrences of alleged supervisory neglect, and, indeed, she alleges none in her Complaint. Allen argues it is sufficient to infer the existence of other incidents from the particulars of this incident. Counsel for Ms. Allen is to be commended for not alleging facts of which they have no proof. Counsel candidly admitted that their prayer is to allow the case to go forward into the discovery stage where they hope to uncover the existence of facts sufficient to support this claim.

This Complaint alleges only the events of this incident. Not even one other similar incident is alleged. The facts alleged are therefore insufficient to state a cause of action against the City. The City's demurrer is sustained.

Alternatively and additionally, the Court finds that it is not reasonably probable that a habitually unsupervised police officer will take advantage of the lack of supervision to commit rape.